## KING *v.* SULLIVAN COUNTY *et al.*

(*Knoxville.* September Term, 1913.)

1. **TAXATION.** Statutory provisions. Equality and uniformity.

Acts 1909, ch. 169, and Acts 1911, ch. 620, authorizing the county to issue bonds to build roads and to levy and collect taxes on all property in the county, including that within the corporate limits of any municipality, to pay the interest, and to create a sinking fund for the payment of the principal thereof, do not violate Const., art. 2, sec. 28, requiring all property to be taxed according to its value so that taxes shall be equal and uniform throughout the State, although municipalities within such county are also required to levy and collect taxes for the maintenance of their streets, in view of section 29, empowering the general assembly to authorize counties and incorporated towns to impose taxes for county and corporation purposes, and providing that all property shall be taxed according to its value upon the principles established in regard to State taxation, since the purpose of the tax is a proper county purpose, and property within a municipality within the county is therefore liable therefor. (*Post, p.* 395.)

Acts cited and construed: Acts 1911, ch. 620; Acts 1909, ch. 169; Acts 1907, ch. 370.

Constitution cited and construed: Sec. 28, art. 2.

Cases cited and approved: L. & N. R. R. v. County Court of Davidson County, 33 Tenn., 637; Nichol v. Nashville, 28 Tenn., 268; Adams v. M. & L. R. O. Co., 42 Tenn., 656; McCallie v. Chattanooga, 40 Tenn., 322; Shelby County v. Exposition Co., 96 Tenn., 658; Edmondson v. Board of Education, 108 Tenn., 558.

2. **TAXATION.** Statutory provisions. Equality and uniformity. "Uniform taxation."

Under Const., art. 2, sec. 28, providing that taxes shall be equal and uniform throughout the State, the uniformity required is limited to a uniformity in rate, assessment, and valuation of

the particular tax involved, and has no reference to a uniformity of the sum total of taxes which a citizen is required to pay. (*Post, p.* 397.)

### FROM SULLIVAN.

Appeal from Chancery Court, Sullivan County.— WILL D. WRIGHT, Chancellor, sitting by interchange with HAL H. HAYNES.

HARR & BURROW, for appellant.

POWELL, PRICE & SHELTON and ST. JOHN & GORE, for appellees.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The complainant filed this bill as a citizen and taxpayer of Sullivan county to enjoin an issue of bonds by that county for the purpose of building pike roads in the county outside the corporate limits of the city of Britsol.

The complainant is a citizen of Sullivan county residing in the city of Bristol, and is a taxpayer to both the county and city. Chapter 620 of the Acts of 1911, and chapter 169, Acts of 1909, authorize the county of Sullivan to issue coupon bonds to build pike roads, and to levy and collect taxes on all property in the county "including that within the corporate limits of any

King v. Sullivan County.

municipality," to pay the interest, and to create a sinking fund to pay the principal of the bonds.

The question made against the validity of the act is that a levy of taxes on property in the city of Bristol to build and keep up streets and roads inside the corporate limits as is required by the charter of the city, and a levy of taxes upon property located within the city to build pike roads in the county and outside the city limits, is unequal and unjust taxation, and is not uniform, and is in violation of section 28 of article 2 of the State Constitution. It is said that this is so because property located outside of the city limits is not taxed to build roads and streets within the city. It is also said that the State requires the city of Bristol to levy and collect taxes for the purpose of maintaining its streets, and by this act permits the county to levy and collect taxes on the same property to build pike roads outside the city limits.

Section 28 of article 2 of the constitution, requiring that "all property shall be taxed according to its value, . . . so that taxes shall be equal and uniform throughout the State," must be construed in respect of the acts in controversy in connection with section 29 of the same article, which is as follows:

"The general assembly shall have power to authorize the several counties and incorporated towns in this State to impose taxes for county and corporation purposes respectively, in such manner as shall be prescribed by law; and all property shall be taxed accord-

ing to its value, upon the principles established in regard to State taxation."

It was determined by this court in *Malone* v. *Taylor,* decided at the April term, 1908, that the taxation of property within the corporate limits of the city of Memphis to build public roads outside the city and within the county of Shelby is not a contravention of section 8 of article 1 of the constitution.

The tax authorized by chapter 370 of the Acts of 1907, the validity of which was involved in that case, was identical with the tax authorized by the statutes brought in controversy here, and the court held that such a tax "is clearly for a public county purpose, and leviable on all the property situated within the county, although —its expenditure is limited to the improvement of public roads outside the city of Memphis. We think this principle is well settled by numerous adjudications of this court. *L. & N. R. R.* v. *County Court of Davidson County,* 1 Sneed, 637 [62 Am. Dec., 424]; *Nichol* v. *Nashville,* 9 Humph., 268; *Adams* v. *M. & L. R. O. Co.,* 2 Cold., 656; *McCallie* v. *Chattanooga,* 3 Head, 322; *Shelby County* v. *Exposition Co.,* 96 Tenn., 658 [36 S. W., 694, 33 L. R. A., 717]; *Edmondson* v. *Board of Education,* 108 Tenn., 558 [69 S. W., 274, 58 L. R. A., 170.] The foregoing authorities also establish the proposition that the road tax in question is not only a county purpose, but it is also a municipal purpose."

The uniformity required by section 28 of article 2 is limited to uniformity in rate, assessment, and valua-

King v. Sullivan County.

tion of the particular tax involved. It has no reference to a uniformity of the sum total of taxes which a citzen is required to pay; that is, it does not require that the total taxes assessed against property situated in a municipality shall not exceed the sum total of taxes assessed against property located outside of a municipality. It does require that there shall be uniformity of valuation and assessment of property for purposes of taxation, and that the tax levy for any given purpose shall be uniform throughout the territory to which it is applied.

In this particular case, it would not be competent to authorize a levy of taxes on property inside the city of Bristol at a rate of taxation more or less than the same levy upon property outside the corporation.

It being established that the tax is levied for a proper county purpose, and the complainant's property being located within the county, he is liable for the tax. If this were not so, the school system, the bridges across the waters of the State, the through roads in the various sections of the State maintained and built, each of them, by general levy of taxation, would have to fall because similar taxes are levied in the various municipalities. The extra taxation which a citizen of an incorporated town must pay is to support his municipal government. It has no relation to the duty he owes to contribute to the support of the State and county governments which afford him and his property equal protection with every other citizen, whether they reside within the municipality or not. It is an

King v. Sullivan County.

extra burden which the citizen of a municipality bears for the benefit he derives from the municipal government. The right of free locomotion is fully preserved by our constitution, and as no citizen is required to reside or own property within a municipality, and as there is plenty of room on the outside, it would seem that the burden complained of is optional with the citizen to be borne or cast off as he may choose.

The decree of the chancellor dismissing the bill is affirmed.