Raulston et al. v. Marion County et al.

S. B. Raulston *et al v.* Marion County *et al.*

(*Nashville.*   December Term, 1915.)

1. **STATUTES.   Plurality of subjects.**

Acts 1915, ch. 682, providing for the issuance of bonds by a county to improve its roads without prejudice, and for the sale of said bonds and the building of roads and the appointment of pike commissioners, and to fix their duties and salary, and to provide for the expenditure of the funds and for the levying of a tax to pay the interest on the bonds, and to authorize the work of county prisoners on the pike roads, is not unconstitutional as embracing more than one subject; the entire purpose of the act being only to improve the county roads. (*Post, pp.* 434, 435.)

Acts cited and construed: Acts 1915, ch. 682.

2. **COUNTIES.   Taxes.   Property liable.**

It is within the power of a county to tax and assess all property within the county, both within and without corporate limits of municipalities, for the purpose of improving and constructing pikes, whether the money so obtained is expended within or without the municipalities; the general laws for dirt road construction not being applicable. (*Post, pp.* 435, 436.)

Cases cited and approved:   State v. Mayor, etc., of London, 40 Tenn., 263; De Tavernier v. Squire Hunt, 53 Tenn., 600; King v. Sullivan County, 128 Tenn., 393; Todtenhausen v. Knox County, 132 Tenn., 169.

---

FROM MARION.

---

Appeal from the Chancery Court of Marion County. —Foster H. Mercer, Chancellor.

T. T. Rankin, for appellants.

133 Tenn. 28.

ALLISON, LYNCH & PHILLIPS, C. C. MOORE and JNO. T. RAULSTON, for appellees.

MR. JUSTICE FANCHER delivered the opinion of the Court.

This suit involves the constitutionality of chapter 682, Acts 1915, which is an enabling act authorizing Marion county, through its county court, to issue $100,000 of bonds for the improvement of public roads. The county voted the bonds and took the preliminary steps for the issuance of same, and on August 25, 1915, this suit was brought by certain taxpayers of Marion county against the county, its officers, and the pike road commissioners, to enjoin the issuance of the bonds. The caption of the act is as follows:

"An act authorizing Marion county, Tennessee, through its quarterly court, to issue bonds of said county for the purpose of improving the public roads of said county, the building of bridges where necessary, the sale of said bonds, the building of certain specific roads, the appointment of pike commissioners, and to fix their duties and salary; to provide for the expenditure of the funds; and to provide for the levying of a tax to pay the interest and the principal of the bonds, and to authorize the working of county prisoners on the pike roads of said county, and to direct the pike commissioners to make recommendations to the county court in reference to certain uses of said road being declared a privilege," etc.

One assignment of error attacks the constitutionality of the act on the ground that is embraces more than one

subject. It is said that it legislates out of office the old pike commissioners, and that it provides for an expenditure of bond funds within the corporate limits of South Pittsburg; that it provides for the maintenance of the county pikes, as distinguished from improvements and construction thereof, and also provides for the leasing of county prisoners to private contractors. The act in question is not subject to this attack. Only one subject is embraced in the caption, namely, the improvement of the public roads of the county, and to this end the county is enabled to issue bonds. Various provisions are made for the purpose of carrying out the general purposes of the act.

The use of the county prisoners mentioned in the act is for the purpose of working these roads.

The expenditure of funds within the corporate limits of South Pittsburg is but a part of the constructive work provided for, and the roads running through the municipality are as much for a county purpose as those outside the municipality. This is true though the general law upon the subject of keeping up the public roads by tax levy, road hands, etc., does not apply to incorporated cities or towns, except such towns as are not taxed to keep up their streets, as provided by Shannon's Code, sec. 1679. The law under such general statutory provisions contemplated a separate maintenance by the municipalities of their streets and the counties of their roads, so that the county court had no control over roads within the limits of incorporated towns and cities, and could not assess their inhabitants with roadwork

nor with a tax, to be worked and expended, either within or without the limits of such municipalities, *State* v. *Mayor, etc., of London,* 3 Head, 263; *De Tavernier* v. *Squire Hunt,* 6 Heisk., 600. This act is for a somewhat different purpose to the ordinary working of dirt roads in a county. The legislature makes provisions by this act for the improvement of public roads by the construction and maintenance of pikes, and taxes the whole people of the county for that purpose, which it may lawfully do, even though the whole fund should be used outside the corporate limits of a municipality. *King* v. *Sullivan County,* 128 Tenn., 393, 160 S. W., 847. This act contemplates a system of pikes embracing those within as well as those without the limits of South Pittsburg. If it is a county purpose to tax the people of the municipality to build pikes without its limits, as held in *King* v. *Sullivan County,* then surely it is no less a county purpose to build and repair the pikes within and without the city, and it embraces but one subject.

. The provision in regard to the old commissioners turning over funds to the new commissioners comes within the one single purpose of the act. All these means and instrumentalities pointed out are for the one single purpose expressed in the caption. The general principle involved is so well settled it needs no authority to be cited. We refer, however, to *Todtenhausen* v. *Knox County,* 132 Tenn., 169, 177 S. W., 489.

We find no error in the decree of the chancellor dismissing the bill upon demurrer, and the same is affirmed.