STATE *ex rel.* CARR *v.* WALLACE, COMPTROLLER.

(*Nashville,* December Term, 1934.)

Opinion filed March 19, 1935.

592

Roy H. Beeler, Attorney-General, and Edwin F. Hunt, Assistant Attorney-General, for appellant.

Horace Osment and Elkin Garfinkle, both of Nashville, for appellee.

Mr. Justice McKinney delivered the opinion of the Court.

This is a mandamus proceeding by which the commissioners of elections of Davidson county ask that the comptroller of the state be required to issue warrants to compensate them for conducting a special election, pursuant to chapter 38, Public Acts of 1933, and for holding a supplemental resigtration preceding said election. It is alleged in the petition that reasonable compensation would be $377.50 for the supplemental registration and $1,000 for holding the election.

The comptroller demurred to the bill upon the ground that it stated no cause of action against him. The chancellor overruled the demurrer, but allowed an appeal.

This special election was held for the purpose of selecting delegates to a convention to pass upon a pro-

posed amendment to the Constitution of the United States which would effect the repeal of the Eighteenth Amendment.

Section 14 of the above act provides as follows:

"That there is hereby appropriated from the General Fund of the State a sufficient amount for the payment of the expenses of preparing for and holding said election, payable out of moneys in said fund not otherwise appropriated. Warrants therefor shall be issued by the Comptroller and same shall be honored and paid by the Treasurer."

This section is the authority upon which relators base their claim for compensation. While there is no express authorization for paying compensation to these commissioners in the act, and no means provided by which the amount thereof is to be determined, the relators might have a right thereto, even though no remedy is provided for its enforcement, but for section 1973 of the Code, which is as follows:

"Said commissioners shall serve without compensation; provided, that the county court of each county shall have the right to appropriate out of the county revenue such amount, if any, as it deems said commissioners of elections are entitled to."

It is not averred in the petition that the county court has made an appropriation for the services of these commissioners for holding said election. If such an allegation had been made, then relators would have been compensated for their services and could not also recover from the state.

By other statutes the Legislature had provided for the usual expenses, such as compensating judges, clerks, and officers for holding the election, purchasing

594

poll books, tally sheets, tickets, giving notice by publication, and other incidental costs. All of these expenses were to constitute obligations of the respective counties. The Legislature, however, did not obligate the counties to compensate the commissioners of elections. In providing what should constitute the general expenses of an election, it expressly excluded compensation for the commissioners, who were to receive no remuneration as a matter of right. The Legislature, therefore, in assuming the expenses of this special election, simply placed upon the state the legal obligation of the respective counties, and the courts are without authority to include that which was expressly excluded. In other words, statutes are to be construed with reference to existing law. *Hibbett* v. *Pruitt,* 162 Tenn., 285, 36 S. W. (2d), 897, 911. Applying this rule, we find that expenses of the election and compensation of the commissioners have been separated by the Legislature and treated as different subjects. So that the assumption by the state of the expenses of this special election did not include compensation for the commissioners.

In *State ex rel.* v. *Collier,* 160 Tenn., 403, 448, 23 S. W. (2d), 897, 911, it is said: "It is, of course, well settled that repeals by implication are not favored, and nothing short of an irreconcilable conflict between the two statutes works such a repeal."

There is no conflict between the two statutes here involved. One deals with the matter of compensating the commissioners; the other with the general and necessary expenses of holding an election. The one provides that the commissioners shall recieve no compensation as a matter of right; the other that the expenses of hold-

ing the election shall constitute a legal obligation of the counties, in this particular instance the state.

In 59 C. J., 934, it is said: "Also a construction in favor of an implied repeal of a local, special, or specific act by a general one will not be adopted unless it is absolutely necessary in order to give the words of the general act any meaning at all."

There is another reason why relators are not entitled to the relief sought here, viz., that their claim is an unliquidated one. *State ex rel.* v. *Hamblen County,* 161 Tenn., 575, 33 S. W. (2d), 73; *Peerless Construction Co.* v. *Bass,* 158 Tenn., 518, 14 S. W. (2d), 732; *State ex rel. Groce* v. *Martin,* 155 Tenn., 322, 292 S. W., 451.

Relators, it appears, rendered valuable services for which they have a moral claim for remuneration, but the application should be made to the county court, the only court authorized by law to compensate them.

For the reasons stated, the decree of the chancellor will be reversed, the demurrer sustained, and the petition dismissed.