ANGEL *et al. v.* HAMILTON COUNTY.

(*Knoxville,* September Term, 1947.)

Opinion filed January 16, 1948.

CHARLES A. NOONE, of Chattanooga, for appellants.

THOS. S. MYERS and R. P. FRIERSON, both of Chattanooga, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The original bill was filed in this cause against Hamilton County by P. I. Angel and H. L. Morris, partners doing business as the Angel Printing Company, to recover the sum of $569.25 alleged to be due for printing election ballots, tally sheets, tally books and other supplies in connection with an election held on August 1, 1946, to elect Commissioners for the Chattanooga (Flood) Protection District. The bill alleged that the service had been rendered at the instance and request of the Hamilton County Election Commissioners, and that the defendant County had failed, refused and been unwilling to pay for said service, insisting that the expense of the printing was an obligation of the Protection District.

The County demurred to the bill on various grounds which need not be severally considered but the gist of which were that the election printing was properly an obligation of the District and not of the County; that the officers elected were not county, state or national officers, and that, therefore, the District should pay the election expense; that such expense was not a County purpose; that the payment of such expense by the County would force taxpayers living out of the District to pay the expenses thereof, in violation of Art. I, sec. 8, and Art. XI, sec. 8, of the State Constitution.

On the ground that the Election Commissioners in holding the election on August 1, 1946, were agents of the District and not of the County, the Chancellor sustained the demurrer and dismissed the bill. From his action in that regard the complainants have perfected this appeal.

The pertinent provision of the Act creating the District, Chap. 768 of the Private Acts of 1929, is: ". . . *at the August election 1930* and each four years there-

after, a Commission *shall* be elected by the qualified voters of said District who shall serve for a term of four years beginning January first following their election and until their successors are elected and qualified; at such elections all persons otherwise qualified to vote who are then owners of property in said District shall be entitled to vote." (Our emphasis.)

It is admitted that the Legislature made no specific provision in the Act for the payment of the expenses of these elections, but it is stated in the brief that heretofore in all the elections held since that of August 1930, the Election Commissioners of Hamilton County have held the elections and Hamilton County has paid the expenses thereof.

From the foregoing quotation from the Act, it is clear that the Legislature intended that these elections were to be held as part of the general elections every four years. This we conclude from the use of the language, "*the* August election 1930."

"Since the passage of chapter 62, Acts of 1887, the expenses incident to holding the general elections have been a charge against the counties." *Gates et al.* v. *Long et al.,* 172 Tenn. 471, 488, 113 S. W. (2d) 388, 395.

"By other statutes the Legislature had provided for the usual expenses, such as compensating judges, clerks, and officers for holding the election, purchasing poll books, tally sheets, tickets, giving notice by publication, and other incidental costs. *All of these expenses were to constitute obligations of the respective counties.*" (Our emphasis.) *State ex rel. Carr* v. *Wallace,* 168 Tenn. 591, 593, 594, 79 S. W. (2d) 1027, 1028.

We think it is a fair inference from the *Wallace Case, supra,* that if the legislative Act which directs the elec-

tion, does not otherwise provide, the County must bear the expense.

That inference is fortified in the present case by consideration of the Act under which the election was held. By it the Board of Flood Commissioners are expressly forbidden to incur any expense until after the issuance of bonds, but the Legislature directed the election of the Commissioners prior to such issuance of bonds. It follows, therefore, that the Legislature did not intend that the expenses of the election should be paid out of funds of the District. No bonds of the District have been issued and the Commissioners of the District are not parties to this cause, so we do not decide who shall bear election expenses after bonds of the District are issued.

We find no merit in the argument of illegality on the ground that the expenses are a general charge on the County funds, whereas, the Commissioners elected, serve only the Flood District and are elected by the residents thereof. Bearing in mind that the election provided, is to take place concurrently with and as a part of the regular general biennial election in August, the election of these Commissioners is no more objectionable than is the election of magistrates, constables, district road commissioners and district school commissioners. Apparently payment of the expenses of such election by the County has never been questioned in this Court. Though the question of the payment of election expenses was not involved, the principles of law applicable were plainly stated in *King* v. *Sullivan County*, 128 Tenn. 393, 160 S. W. 847, and *Earnest* v. *Greene County*, 138 Tenn. 442, 198 S. W. 417, and the results reached in those cases are in agreement with our decision here.

Reversed and remanded.

All concur.