CITY OF RED BANK-WHITE OAK

*v.*

HUGH C. ABERCROMBIE et al.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

Gus D. Hatfield, Jr., for appellant.

William G. Brown and Chambliss, Brown & Hodge, Chattanooga, for appellee.

Thomas S. Myers, County Attorney, for Hamilton County.

Mr. Justice Prewitt delivered the opinion of the Court.

The complainants compose the Board of Election Commissioners of Hamilton County, and as such sued the City of Red Bank and White Oak and Hamilton County under the declaratory judgment law, seeking to have the Court declare whether the City of Red Bank - White Oak or Hamilton County is liable for the costs and expenses incurred in holding a municipal referendum. Complainants insist that the municipality is liable, while the muni-

cipality insists that the county is liable. The Chancellor upheld the bill as a declaratory judgment bill and was of the opinion that the expenses should be borne by the city. This appeal resulted.

On August 28, 1956, the City of Red Bank-White Oak passed on the final reading an ordinance, which called for a municipal referendum to be held November 6, 1956, and further provided, "the expenses thereof shall be paid from the general funds of the city." The City Manager was instructed to "make any and all necessary arrangements with the Hamilton County Election Commission for the holding of a referendum, to submit the foregoing proposed Charter Amendments."

The issue to be decided is: Who is liable for the expense of holding the election, Hamilton County or Red Bank-White Oak?

There is no controversy concerning the cost of the election.

We think that in the absence of specific legislation, to burden the cost of holding a municipal election upon the taxpayers of the county, there should appear some basis which bears a reasonable relation to county purposes. The election held in the present case had no county interest. It was a referendum concerning charter amendments for that municipality.

The defendant, city, relies upon T.C.A. sec. 2-1107 which provides:

It shall be the duty of the commissioners of elections of each county, when the returns of an election from the several civil districts and wards of their county are deposited with them, to make out a complete list of the judges, clerks, and officers holding such

election, and deliver such list to the judge or chairman of the county court, who shall issue his warrant in favor of each of said judges, clerks, and officers for the sum authorized by sec. 2-1106, to be paid by the trustee of the county out of any money in his hands, collected for county purposes.

This Section makes no provision for the costs of holding a referendum for a municipality. Where a general election covers the entire county and is to elect officers, even for a municipality, the county must pay the expenses. In cases where special elections are held for a municipality, the cities are not forbidden to pay the expense incident to holding such elections.

The authorities hold that if the legislative act directs the election and does not provide for payment of expenses, then the county must bear the expense. In the instant case, the election was not held as a result of any legislative act, but resulted from a municipal ordinance, by which the duly constituted authorities of the City of Red Bank - White Oak recognized, as they had on previous elections, that, pursuant to their charter powers and its function as a municipality, the cost of elections should be borne by the city.

Tennessee cities are not forbidden by the Legislature from paying the expenses of holding special elections. Ordinances such as the one here involved are valid and not in conflict with general laws or the policy of the State.

By their action in paying the election expenses of former elections, the City of Red Bank - White Oak recognized that the expense of holding special municipal

elections is in every sense a governmental function carried on for the exclusive benefit of the municipality. The referendum in this cause was not a general election.

■ We are of the opinion that the Legislature left with municipalities the power to provide for municipal elections. By implication, it conferred the authority upon municipalities to assume and agree to pay the expenses incident to holding special or municipal elections. The ordinance we are concerned with covered matters which were omitted in the statute regulating the costs of elections.

The ordinance being valid, the City of Red Bank-White Oak is liable for the payment of election expenses, amounting to $1,431.36. Payments should be made directly to the creditors.

It results that the decree of the Chancellor in holding the city liable for the expenses of this referendum is affirmed.