Hugh C. Abercrombie et al., Election Commissioners of
Hamilton County, Tennessee,

*v.*

The City of Chattanooga et al.

(*Knoxville,* September Term, 1957.)

Opinion filed April 9, 1958.

· J. W. ANDERSON and E. K. MEACHAM, Chattanooga, for appellant-defendant City of Chattanooga.

CHAMBLISS, BROWN & HODGE, Chattanooga, for appellees-complainants Election Commissioners.

THOMAS S. MYERS and ROBERT M. SUMMITT, Chattanooga, for Hamilton County.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainants, Abercrombie and others, who are members of the County Election Commission of Hamilton County filed their original bill in the Chancery Court against the City of Chattanooga seeking a declaratory judgment pursuant to T.C.A. sec. 23-1101 et seq., to determine if the City of Chattanooga or Hamilton County is liable for the cost of holding a special referendum election as required by the Home Rule Amendment to the Constitution.

The bill charges that the General Assembly of 1957 passed three Private Acts affecting the City of Chattanooga, the same being Chapter 73, Chapter 193 and Chapter 240 of said acts. Each of the said acts was an act to amend the Charter of the City of Chattanooga, and all acts amendatory thereof.

It is not material to this controversy that the provisions of these acts be here stated other than that they related to amending the Charter of the City in certain respects. Each of these acts provided that, "this Act shall have no effect unless the same shall be approved by a majority of the voters voting in an election to be held for such purpose."

An election was so held on a specified date as provided by the said acts, "for the purpose of accepting or reject-

ing the provisions of this Act". Each of these acts contains this further provision:

"* * * The qualification of voters shall be that provided by law for participation in general elections and all laws applicable to general elections shall apply to an election held hereunder."

The bill further charges that certain items of expense were incurred in holding said election as shown in an exhibit to the bill, the total amount being $5,776.26.

While the election was held for a municipal purpose, the defendant City has taken the position (and it is so charged in the bill) that "it did not request the elections to be held, did not pass any ordinances relating thereto and that the directions for the elections were given by the Legislature of the State of Tennessee. As a consequence the City of Chattanooga, Tennessee, says that Hamilton County is responsible for payment thereof."

It is the contention of Hamilton County that the foregoing expense is not the obligation of the county; "that the County has no authority to pay county money for holding an election solely for the benefit of residents of the City of Chattanooga". The prayer of the bill is for a decree settling the rights and liabilities for the costs of said election.

The City of Chattanooga demurred to the bill, contending:

"* * * No liability for payment of the expenses of the election is imposed by the terms of the Act upon this defendant. * * *

"5. The bill shows on its face that the Legislature made no specific provision in any of the Acts for the payment of the expenses of these elections and in the absence of such specific provision, these expenses constitute an obligation of Hamilton County."

The demurrer was later amended by permission of the Chancellor as follows:

"6. All of said acts are unconstitutional, void, and of no effect since by their terms a referendum is required and said acts fix the qualifications for voters therein under the general election laws of Tennessee, and not under the Charter of the City of Chattanooga, thereby disfranchising a substantial proportion of the electorate."

The Chancellor overruled the demurrer and granted a discretionary appeal to this Court.

The issue raised by the defendant's demurrer to the complainant's bill is the basis for the several assignments of error.

The sole question for decision is the liability of the City of Chattanooga for the expenses incurred by the County Board of Election Commissioners in holding the election referred to in the complainant's bill.

█ Contention is made by the defendant City that the complainant Board had no legal right to maintain this suit, citing T.C.A. sec. 2-1107 et seq. and sec. 2-1201 et seq., which relate to the authority to hold general elections. We find no merit in the foregoing insistence. The argument of learned counsel, if thought to be meritorious,

would leave the municipality without any express authority to hold an election for any municipal purpose. We know of no board, or public official, that may hold an election for a municipal purpose except the complainant Board of Election Commissioners. This Board has its legal existence by virtue of the general law of the State. It is not a part of any political subdivision of the State. Its members are appointed by the State Board of Elections (T.C.A. sec. 2-1001) and it is not an arm of the county government. Moreover the right to maintain this action is found in the Declaratory Judgment statute, T.C.A. sec. 23-1103, which reads as follows:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status or other legal relations thereunder."

"In proper cases declaratory judgment proceedings may be brought by municipalities and various public officers and authorities. It has been said that public officers are entitled to have their legal duties judicially determined by a proceeding for a declaratory judgment for in this way only can the disastrous results of well-intentioned but illegal acts be avoided with certainty." 16 Am.Jur. (Declaratory Judgments), Section 60, p. 330.

See also *Wallace v. Lewallen,* 186 Tenn. 411, 210, S.W. 2d 684.

The defendant appellant, City of Chattanooga, seeks to distinguish the issue here involved from *City of Red Bank-White Oak v. Abercrombie*, 202 Tenn. 700, 308 S.W. 2d 469, 470, released for publication on the 6th day of December, 1957. In that case the referendum election was held by the municipality of Red Bank-White Oak (which was located in Hamilton County) *pursuant to an ordinance of the said municipality.* It was not held as a result of any legislative act. The City of Red Bank-White Oak was held liable for the cost of holding this election and not the County of Hamilton.

In support of the demurrer, and the defendant's contention of non-liability, the counsel rely upon the following statement in the Red Bank case:

"We think that in the absence of specific legislation, to burden the cost of holding a municipal election upon the taxpayers of the county, there should appear some basis which bears a reasonable relation to county purposes. The election held in the present case had no county interest. It was a referendum concerning charter amendments for that municipality."

But the Court made this further statement, which we think is applicable and controls the question of the defendant's liability, "* * * the City of Red Bank-White Oak recognized that the expense of holding special municipal elections is in every sense a governmental function *carried on for the exclusive benefit of the municipality.*" (Emphasis ours.)

■ The foregoing statement by Mr. Justice Prewitt in Red Bank-White Oak was not necessary to the ultimate decision of the case, which was correct. But even if it

was relevant to the issue in its broadest implications, we hold that in the absence of any statutory provision for the payment of election expenses the County will be held liable only when the election is for a County purpose, a general election, or a special election in which the resident citizens of the County are jointly interested with the citizens of a municipality situated within the geographical limits of the County.

■ In the case at bar the special election was *for the exclusive benefit of the City of Chattanooga.* It is true the Private Acts specify qualifications of voters to be the same as in general elections. But it does not thereby make the referendum under said Private Acts a general election. The said Acts admittedly make no provision for paying the costs incident to the elections. But we think that where an election is held pursuant to a legislative act, and the same is exclusively for a municipal purpose, as in the case at bar, the expense of holding it cannot be imposed upon the County.

■ The County Court of Hamilton County has no legal authority to appropriate public funds to pay the expenses incident to the holding of elections solely for municipal purposes. In *Southern v. Beeler,* 183 Tenn. 272, 195 S.W. 2d 857, 859, it is held that the County Court has no power to appropriate public funds for other than county purposes. "Statutes defining the powers of county courts are not to be liberally construed." *Southern v. Beeler, supra.*

■ We have the right to assume we are not privileged to reach any other conclusion than that said elections were held at the instance, clearly implied, of the City of

Chattanooga. We hold therefore that the defendant City is liable for the cost of holding the elections.

The case of *Angel v. Hamilton County,* 185 Tenn. 609, 207 S.W. 2d 332, relied on by appellant, and where no mention is made concerning payment of election expenses, is not in point. The election was held at the time of the general election in August, and at the same time Commissioners of the Chattanooga Flood District were elected. It was in fact a part of the general election.

Neither do we think the case of *Gates v. Long,* 172 Tenn. 471, 113 S.W. 2d 388, is applicable here. The Chancellor took notice of the fact that the expenses were incident to the holding of a legalized primary to nominate candidates for Governor, Railroad and Public Utilities Commission and members of the Assembly.

The assignments of error are overruled, and the Chancellor's decree is affirmed.