David ELLIS, Plaintiff–Appellant,

v.

BRADLEY COUNTY, TENNESSEE,
Defendant–Appellee.

No. 07–5929.

United States Court of Appeals,
Sixth Circuit.

June 6, 2008.

Before: MARTIN, GRIFFIN, and GIBSON, Circuit Judges.*

*ORDER*

The district court dismissed the complaint in this case because David Ellis sued Bradley County, Tennessee rather than the State of Tennessee, his employer. We affirm.

The original complaint alleged discrimination under the federal Family and Medical Leave Act, 29 U.S.C. §§ 2601–54; the federal Americans with Disabilities Act, 42 U.S.C. §§ 12101–213; the Tennessee Human Rights Act, Tenn.Code Ann. §§ 4–21–101–604; and the Tennessee Handicap Act, Tenn.Code Ann. §§ 8–50–103–901.

Ellis was the Administrator of Elections for the Bradley County Election Commission. In the complaint he alleged that he sought leave "for a serious health condition" in April 2006 and his request was approved by Bradley County. However, when Ellis returned to work on June 13, 2006, Bradley County "refused to reinstate [him] to the job position that he held before. He also claims other medical problems and that the county refused to accommodate him.

The district court dismissed Ellis's complaint under Rule 12b(1) & (6) after "examining the Tennessee Code, relevant case

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

law, and the persuasive Attorney General opinions," the district court concluded that Ellis was an employee of the State of Tennessee rather than Bradley County. Ellis's salary, life and health insurance, and retirement benefits were paid by Bradley County, the minimum amount of his salary was determined by state law. *See* Tenn.Code Ann. § 2–12–208. The statutes provide that a portion of an administrator's salary will be paid by the state if the administrator passes "a written examination on election laws" and, consequently becomes certified by the state election commission, which apparently Ellis was. Tenn.Code Ann. §§ 2–11–202(b), 2–12–209.

Ellis's duties "were not owed to the county alone." *See* Tenn.Code Ann. § 2–12–201(a)(9) and (12). Ellis was associated with the Bradley County Election Commission, whose membership was controlled by the state election commission. *See* Tenn. Code Ann. § 2–12–101. Because the Bradley County Election Commission members are hired, fired, and disciplined by the state election commission, Bradley County did not have the authority to hire, fire, or discipline Ellis. *See id.* Ellis's duties were defined by state law. *See* Tenn.Code Ann. § 2–12–201.

Read in context, the statutes to which Ellis refers to support his argument that he was a county, rather than a state, employee do not apply. *See* Tenn.Code Ann. § 2–12–210; Tenn.Code Ann. § 8–17–102(a)(2). Under these circumstances, Ellis was for all intents and purposes an employee of the State of Tennessee rather than Bradley County. Indeed, the Tennessee Supreme Court has determined that a county election commission "is not an arm of the county government." *Abercrombie v. City of Chattanooga*, 203 Tenn. 357, 313 S.W.2d 256, 258 (1958). Because Bradley County was not the proper defendant, Ellis's complaint was subject to dismissal for failure to state a claim for relief.

Judgment affirmed.