NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0862n.06

No. 10-6103

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 08, 2012**

LEONARD GREEN, Clerk

DAVID ELLIS,

    Plaintiff-Appellant,

v.

STATE OF TENNESSEE,

    Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

_____ /

Before:    MARTIN, SUHRHEINRICH, and COLE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  In this employment discrimination case, David Ellis claims that his employer, the Bradley County Election Commission, unlawfully refused him a reasonable accommodation for his disability arising from his Crohn's disease and unlawfully terminated his employment because of his disability.  Ellis filed an employment discrimination action against Bradley County, but that action was dismissed after this Court found that Tennessee, not Bradley County, was Ellis's employer.  Ellis then filed the present action against Tennessee, claiming disability discrimination, retaliatory discharge, and failure to accommodate his disability.  The district court granted Tennessee's motion for summary judgment on these claims and denied as moot Ellis's motion for partial summary judgment as to the fact that Tennessee was his employer.  Ellis appeals.  For the following reasons, we **REVERSE** the district court's denial of Ellis's motion

for partial summary judgment and **REMAND** to the district court for further proceedings consistent with this opinion.

## I.

Ellis has suffered from Crohn's disease during much of his twenty-two-year employment with the Commission, and took a medical leave of absence in April 2006 because of his worsening medical condition. While Ellis was on medical leave, the Commission learned that Ellis was under investigation by the county mayor's office for possible state law violations. The Commission reinstated Ellis in August and simultaneously suspended him with pay pending completion of the mayor's investigation. The investigation resulted in a finding that Ellis had violated Tennessee law. On October 6, the Commission voted to terminate Ellis due to both his poor work performance and his state law violations.

Following his termination, Ellis filed an employment discrimination lawsuit in federal court in December 2006 against Bradley County, Tennessee. *See Ellis v. Bradley Cnty.*, No. 1:06-CV-260, 2007 WL 1830756 (E.D. Tenn. June 22, 2007). Ellis alleged that Bradley County was his employer. Bradley County filed a motion to dismiss on the basis that Tennessee, and not Bradley County, was Ellis's employer. The district court granted Bradley County's motion and dismissed the case upon finding that Tennessee, and not Bradley County, was indeed Ellis's employer. We affirmed this decision, *Ellis v. Bradley Cnty.*, 387 F. App'x 516, 516-17 (6th Cir. 2008), and explained that:

> The district court dismissed Ellis's complaint under Rule 12b(1) & (6) after "examining the Tennessee Code, relevant case law, and the persuasive Attorney General opinions," [and] the district court concluded that Ellis was an employee of the State of Tennessee rather than Bradley County. Ellis's salary, life and health insurance, and retirement benefits were paid by Bradley County, the minimum

amount of his salary was determined by state law. *See* Tenn. Code Ann. § 2-12-208. The statutes provide that a portion of an administrator's salary will be paid by the state if the administrator passes "a written examination on election laws" and, consequently becomes certified by the state election commission, which apparently Ellis was. Tenn. Code Ann. §§ 2-11-202(b), 2-12-209.

Ellis's duties "were not owed to the county alone." *See* Tenn. Code Ann. § 2-12-201(a)(9) and (12). Ellis was associated with the Bradley County Election Commission, whose membership was controlled by the state election commission. *See* Tenn. Code Ann. § 2-12-101. Because the Bradley County Election Commission members are hired, fired, and disciplined by the state election commission, Bradley County did not have the authority to hire, fire, or discipline Ellis. *See id.* Ellis's duties were defined by state law. *See* Tenn. Code Ann. § 2-12-201.

Read in context, the statutes to which Ellis refers to support his argument that he was a county, rather than a state, employee do not apply. *See* Tenn. Code Ann. § 2-12-210; Tenn. Code Ann. § 8-17-102(a)(2). Under these circumstances, Ellis was for all intents and purposes an employee of the State of Tennessee rather than Bradley County. Indeed, the Tennessee Supreme Court has determined that a county election commission "is not an arm of the county government." *Abercrombie v. City of Chattanooga*, 203 Tenn. 357, 313 S.W.2d 256, 258 (1958). Because Bradley County was not the proper defendant, Ellis's complaint was subject to dismissal for failure to state a claim for relief.

Ellis then filed the present action against Tennessee, alleging that the Commission was a state entity and that the Commission had unlawfully refused to provide him a reasonable accommodation for his disability and terminated his employment because of his disability, in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. §

2601 *et seq.* Tennessee and Ellis filed cross-motions for summary judgment on all claims. Ellis also filed a motion for partial summary judgment as to his assertion that Tennessee was his employer. The district court granted Tennessee's motion for summary judgment, denied Ellis's motion for summary judgment, denied as moot Ellis's motion for partial summary judgment as to the fact that Tennessee was Ellis's employer, and dismissed the case. Ellis appeals, arguing that the district court erred in deciding the merits of Ellis's discrimination, retaliation, and failure to accommodate claims, and in denying as moot Ellis's motion for partial summary judgment on the issue of whether Tennessee was his employer.

## II.

Because the question of mootness is "a jurisdictional question," *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009), we consider it before reaching Ellis's other claims. "Although the denial of a motion for summary judgment is usually an interlocutory order that is not immediately appealable, where an appeal from a denial of summary judgment is presented in tandem with a grant of summary judgment, this court has jurisdiction to review the propriety of the district court's denial of summary judgment." *Smith v. Jefferson Cnty. Bd. of School Comm'rs*, 641 F.3d 197, 205 (6th Cir. 2011) (en banc) (internal quotation marks omitted). We review de novo the district court's denial of partial summary judgment on the issue of mootness. *Id.*; *see also Demis*, 558 F.3d at 512 (finding that this Court reviews jurisdictional questions de novo). A claim is moot when the issues are "no longer live or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks omitted).

The district court denied as moot Ellis's motion for partial summary judgment regarding the issue of the identity of his employer. Ellis argues on appeal that the district court erred in denying his motion because the issue of his employer's identity had already been decided by this Court. In our previous unpublished opinion in *Ellis*, 387 F. App'x at 517, we found that "Ellis was for all intents and purposes an employee of the State of Tennessee rather than Bradley County." We found that the district court had fully examined the question of which entity employed Ellis in his previous lawsuit against Bradley County and affirmed the district court's prior finding that "Ellis was an employee of the State of Tennessee rather than Bradley County." *Id*.

In its brief, Tennessee "requests that this issue be re-examined in light of the facts developed in this action." However, Tennessee does not point to any new facts, nor does it identify any new case law developments that might affect our finding in the previous case.

We have already fully considered the relevant facts and legal standards regarding the substance of the employer issue contained in Ellis's motion for partial summary judgment, and we found that Tennessee was his employer in *Ellis*, *id.*, a case to which Tennessee was not a party. The identity of the proper defendant is a necessary question of personal jurisdiction. The district court erred in refusing to rule on the jurisdictional question "concerning whether [Tennessee] was [Ellis's] employer." *Ellis v. Tennessee*, No. 1:09-CV-131 (E.D. Tenn. Aug. 2, 2010) (order granting defendant's motion for summary judgment, denying plaintiff's counter motion for summary judgment, denying as moot plaintiff's motion for partial summary judgment, and dismissing the case). Because we reverse and remand for further proceedings to clarify this jurisdictional issue, we do not reach the other issues presented by Ellis on appeal.

III.

For the above reasons, we **REVERSE** the district court's denial of Ellis's motion for summary judgment on the fact that Tennessee was his employer, and **REMAND** for further proceedings consistent with this opinion.