## SPALDING v. KINCAID.

SUPREME COURT PRACTICE,—*Limitation.*

The Supreme Court will apply no limit to the time within which an appellee may file a transcript of the record and have the judgment below affirmed.

This cause was tried in the Circuit Court of Claiborne County in 1845; and from the judgment then and there rendered, an appeal was prayed and granted to the Supreme Court. Five years elapsed, during which time no transcript of the record was forwarded to the Supreme Court, nor did the appellant take any steps toward prosecuting his appeal.

Finally, at the September term, 1850, of the Supreme Court, Maynard for the appellee, produced in Court a transcript of the record, and moved that the judgment of the Circuit Court be affirmed.

Sneed, for the appellant, opposed the motion on the ground that the right of the appellee to file the record and move for an affirmance of the judgment below was analogous to a writ of error and barred in two years.

McKINNEY, J.:

The act of 1829, chapter 103, section 2, forbids the Court to dismiss any cause without examining it upon its merits. The prayer in this case is for simple appeal. No such appeal lies at law; and it must be construed to mean an appeal in error. That, like a writ of error, does not vacate the judgment below, but operates as a supersedeas. We see no reason why the appellee cannot at any time file the record, and we can apply no statute of limitations to him. The case

being before us, we are bound to look into its merits. There is no error in the record. [1]

*Judgment affirmed.*

(1) Appellee may produce transcript in Supreme Court and move for an affirmance of judgment, when. Freeman v. Henderson, 5 Cold. 647 ; Furber v. Carter, 2 Sneed 1. And the appellant cannot be heard to object on account of lapse of time, since appeal. Ib. As to affirmance in similar cases in appeal to Circuit Court, see Code 3143, 3150, 3151. See also Bustard v. Cheatham, 1 Tenn. 370; Norwood v. Humphreys, 2 Tenn. 188; Stuart v. Pasmore, 5 Hayw. 30; Nichols v. Colvill, 1 Tenn. 81; Gregory v. Burnett, 1 Humph. 60; McDonald v. Smith, 7 Yerg. 304; Duncan v. McGee, 7 Yerg. 103; Suggs v. Suggs, 1 Tenn. 2.