## LUTHER MANLEY v. CITY OF CHATTANOOGA.

Middle Section. July 3, 1925.

No petition for Certiorari was filed.

1. **Appeal and error. A simple appeal does not lie from judgment in an action at law.**

   In an appeal from criminal court of Hamilton county where defendant was convicted under a city ordinance, 'held the appeal must be construed to mean "appeal in error" as simple appeal does not lie from a judgment in an action at law.

2. **Appeal and error. Weight of evidence. Weight of evidence is exclusively for trial court.**

   Defendant was fined under a city ordinance for "loitering," held it is not within the province of the appellate court to weigh conflicting evidence in a law case.

3. **Appeal and error. Assignment of error must be specific.**

   An assignment of error that court admitted irrelevant and incompetent testimony presents nothing for review, where counsel nowhere sets out specific testimony to which objection is made.

Appeal in Error from Criminal Court of Hamilton County, Hon. Floyd Estill, Judge.

Reversed and dismissed.

H. W. Schoolfield, of Chattanooga, for plaintiff in error.

Joe Anderson, of Chattanooga, for defendant in error.

FAW, P. J. In this case, the criminal court of Hamilton county rendered judgment against Luther Manley for a fine of $50 and all the costs of the cause, and adjudged that in default of payment thereof he be confined in the jail or workhouse of the city until said fine and costs were satisfied "as provided by ordinance."

After his motion for a new trial had been overruled, Luther Manley prayed an appeal to this court, which was granted by the trial court, and plaintiff in error perfected his appeal in due season by filing the pauper's oath in lieu of an appeal bond. He also filed a bill of exceptions, and a bond for his appearance before the criminal court of Hamilton county from term to term to await the action of this court on his appeal.

The "appeal" in this case "must be construed to mean an appeal in error," as a simple appeal does not lie from a judgment in an action at law. Spalding v. Kincaid, 1 Shan. Cases 31.

It appears from the record that plaintiff in error was arrested under a warrant issued by the city judge of the city of Chattanooga charging him with the offense of "loitering." He was found guilty

and fined by the city judge and appealed to the criminal court of Hamilton county, where the case was tried by the judge, without a jury, with the result before stated.

The criminal court of Hamilton county has (or had when this case was tried below) jurisdiction of appeals from Justices of the Peace in certain classes of civil cases, including the class to which this case belongs.

The assignments of error in this court are as follows:

"1st: Because there was no evidence, on which the court could base a verdict, there being no proof in the record to bear out the charge of loitering;

"2nd: Because the verdict is contrary to the greater weight and preponderance of the evidence, the proof showing conclusively, by the defendant, that he was working, and there being no proof to the contrary at the time;

"3rd: Because the court erred in permitting the defendant in error to introduce proof which was irrelevant and incompetent, and was calculated to and did prejudice the rights of the plaintiff in error in the trial below."

The second assignment, supra, does not present a question which this court can consider, as it is not within our province, as an appellate court, to weigh conflicting evidence in a law case. Railroad v. Abernathey, 106 Tenn. 722, 728.

The third assignment of error is not sufficiently specific to merit consideration. Moreover, it does not appear from the record that any objections to evidence were made on the trial below.

We are of the opinion that the first assignment of error must be sustained. The evidence in the case has been brought up in narrative form, and we copy all of it herein as follows:

### Original Examination by Mr. Anderson.

"Something like a month before this Luther Manley was arrested and I met him over on Chestnut Street and he inquired of me if I knew where there were some girls where we could have some fun. I told him I did not and he kept looking around and finally he asked me for change for $20. I had $5 in money and I gave him the five dollar bill in making the change and he took it and walked off and told me if I said anything he would knock my brains out. I was afraid of him and went to hunt a policeman and when I came back he was gone: I did not see him any more for about a month and I recognized him on 9th street on Sunday and I got Mr. Angel and he had him arrested."

### Cross-Examination by H. W. Schoolfield.

"I didn't know him and never saw him before the morning when he got my five dollars. It is not true that I lost my money gaming with him. I don't know whether he worked or not."

The witness, next, being J. B. Angel testified as follows:

Direct Examination by Mr. Anderson.

"I am not very well acquainted with the defendant Luther Manley have seen him several times. I never saw him at work. I don't know whether he works or not. This man came to me and told that the defendant had taken $5 away from him sometime before this and he wanted him arrested I arrested him. I understand he has been up for playing what is called 'Monte' with the darkies, but I do not know much about him."

Cross-Examination by H. W. Schoolfield.

"He claimed to me that he had been working for the railroad company when I arrested him. He said he won $5 off of this man but never took any money from him."

The next witness Jack Neal, testified as follows:

Direct Examination by Mr. Anderson.

"I know the defendant Luther Manley. We have had him once or twice for playing what is known as "Three card Monte." I never saw or heard of him working."

Cross-Examination by H. W. Schoolfield.

"He could have worked but I do not know anything about that." This was all the evidence for the plaintiff.

It is agreed that the city has the following ordinance which is to be treated as a part of the evidence in this case. It is hereby declared a misdemeanor for any person who having no apparent means of subsistence neglects to apply himself to some honest calling for anyone to be found habitually loitering or tramping through the city without any visible means of support. A violation of this ordinance is a misdemeanor punishable by a fine of not less than $2 nor more than $50.

Direct Examination by H. W. Schoolfield.

"My name is Luther Manley, I am a negro, I was playing cards with the prosecutor and won $5 off of him. I never took his money away from him like he says. At the time I was a porter on the C. N. O. & T. P. R. R. train and had worked for them off and on a good deal. At the time I was arrested I had been sick and been off ten days or two weeks."

"This was all the evidence introduced for either side."

We have searched in vain for some evidence that the plaintiff in error had no apparent means of subsistence and neglected to apply himself to some honest calling, or that he was "to be found habitually loitering or tramping through the city without any visible means of support."

The witnesses for defendant in error state that they do not know whether or not plaintiff in error works, and there is no contradiction

of the testimony of plaintiff in error to the effect that he works as a porter for the C. N. O. & T. P. Railroad Company.

In the absence of some evidence that plaintiff in error has violated the provisions of the ordinance introduced on the trial, we cannot do otherwise than reverse the judgment and dismiss the suit, and judgment will be entered accordingly.

The costs of the cause, including the costs of the appeal, will be adjudged against the defendant in error city of Chattanooga. A procedendo will issue to the criminal court of Hamilton county directing that court to discharge the appearance bond of plaintiff in error.

Crownover and DeWitt, JJ., concur.