W. C. HIBBETT, COMPLAINANT, APPELLANT, *v.* H. D. PRUITT, DEFENDANT, APPELLEE.

(*Nashville,* December Term, 1930.)

Opinion filed March 14, 1931.

WILKES COFFEY, JR., for complainant, appellant.

H. B. TALLEY, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this cause, tried according to the forms of the chancery court and involving an issue of fact, an appeal was taken from the chancellor's decree to the Court of Appeals. Instead of re-examining "the whole matter of law and fact appearing in the record," according to the provisions of section 4887, Thompson's-Shannon's Code, the latter court said:

"With respect to the question of fact thus presented . . . we are of the opinion that the chancellor's find-

ing is conclusive on this court by virtue of the operation of the Act of 1929, chapter 94. . . . Where we find the evidence in equipoise, or nearly so, it is our duty to treat the issue as conclusively settled by the finding of the chancellor in favor of defendant Pruitt, for it is only in this manner that we can give effect to the 'presumption of correctness . . . as to the judgment of the trial court' which obtains 'where the material evidence is nearly evenly balanced.' "

Chapter 94 of the Acts of 1929, referred to by the Court of Appeals, is in these words:

"AN ACT to Regulate the Hearing of Cases in the Court of Appeals.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That in all cases taken by appeal or otherwise to the Court of Appeals from any trial court, the hearing in said appellate court shall be *de novo*, upon the record from the court below when the hearing in the trial court was without a jury, but there shall always be a presumption of correctness in the appellate court as to the judgment of the trial court where the material evidence is nearly evenly balanced. The transcript before the Court of Appeals in cases tried in any lower court upon oral testimony must contain motion for new trial and bill of exceptions.

"Sec. 2. Be it further enacted, That this Act repeal all laws or parts of laws directly in conflict herewith, but this Act is cumulative to laws not directly in conflict herewith, and that this Act take effect from and after its passage, the public welfare requiring it."

We think, in their interpretation of this statute, the Court of Appeals misapprehended the legislative intent.

The terms employed repel the idea that the enactment was designed to regulate the hearing in the Court of Appeals of cases brought up from the chancery court and tried according to the usual forms of procedure prevailing in that court. The first sentence of section 1 of the Act relates to appeals taken from "any trial court" and says there shall be a presumption of correctness as to the "judgment of the trial court." Courts of equity are not ordinarily referred to as trial courts and the adjudications of courts of equity are ordinarily referred to as decrees instead of judgments.

Senate Bill No. 390, which became chapter 94 of the Acts of 1929, appears to have been introduced by three senators, members of the bar of this court, experienced and accurate lawyers. This strengthens our conclusion that those who introduced the bill, and the legislature which passed the bill, used the terms *trial court* and *judgment* in the conventional sense, as such terms are understood by the profession, and not with the meaning ascribed to such terms by the Court of Appeals. In other words, the legislature was dealing with appeals from courts of law in the first sentence of section 1 and not with appeals from courts of chancery.

It is a matter of judicial history and general knowledge that there has been much opposition to the rule adopted in the appellate courts of Tennessee by which the finding of a law judge in a nonjury case was given the same force as the verdict of the jury, and was not reviewed, where there was any evidence to sustain such finding. It seems to us that the clear purpose of the first provision of section 1 of the Act of 1929 was to enlarge the scope of review upon appeal in law cases, not to restrict the scope of review upon appeal in equity cases.

■ Beyond this, a consistent legislative policy, deducible from previous enactments, is a factor to be considered in determining the meaning of subsequent Acts open to construction "and such policy is not to be regarded as abandoned further than the terms and objects of the new legislation unmistakably require." *Hunter* v. *Harrison,* 154 Tenn., 590, and authorities cited.

■ Chapter 100 of the Acts of 1925, creating the Court of Appeals, in section 12, with much detail, provides for written finding of fact in equity cases by the chancellor and by the Court of Appeals; and that insofar as such findings concur, they are not open to review in the Supreme Court.

Chapter 68 of the Acts of 1927, amending chapter 100 of the Acts of 1925, provides:

"The Court of Appeals shall not be limited to the consideration of such facts as were found or requested in the lower court, but it shall independently find and consider all material facts in the record, and either party, whether appellant or not, may assign error on the failure of the Chancellor to find any material fact, without regard to whether such facts were found or were requested in the lower court. This shall not apply to any case tried before court on oral testimony."

The immediate object of the foregoing provisions of the Act of 1925 and the Act of 1927 was to relieve the Supreme Court, to the extent indicated, of the investigation of questions of fact in chancery cases. To the extent the findings of the chancellor and the Court of Appeals concurred, such concurrent finding was made conclusive. The findings of the Court of Appeals were only open to examination in this court in those particulars in which such findings did not concur with those of the chancellor. As evidenced by chapter 68 of the Acts of 1927, the legis-

lature, in all events, proposed to give this court the benefit of a finding by the Court of Appeals on all material questions of fact.

The construction given to chapter 94 of the Acts of 1929 by the Court of Appeals brings that Act squarely in opposition to the policy evinced in chapter 100 of the Acts of 1925 and chapter 68 of the Acts of 1927. If the Court of Appeals is not to find the facts in chancery cases "where the material evidence is nearly evenly balanced," it results that the Supreme Court will be deprived of a finding of facts by the Court of Appeals in all close cases where such findings would be of real service. If the Court of Appeals is to make no finding of facts except in cases where there is a clear preponderance of evidence, on the one side or the other, the rule enacted as to the effect of a concurrent finding will be rather a vain thing. Difficult cases, where questions of fact are nicely balanced, will come to this court with such questions to be determined here on the record at large, and chapter 100 of the Acts of 1925, re-organizing the Court of Civil Appeals, enlarging the jurisdiction of chancery appeals, adding new judges and creating the Court of Appeals, will not be so easy to justify.

Intermediate appellate courts exist because it is impossible in many, if not in most, of the states, owing to the growth of litigation, for one court of last resort, unaided, to keep its docket clear. The jurisdiction of intermediate courts varies in the different states. The underlying reason for such courts everywhere, however, is to relieve congestion of the dockets of the courts of last resort and to prevent undue delay in the administration of justice.

One of the chief burdens of the Supreme Court of Tennessee has been the investigation of the facts in equity

appeals. The legislature has had this condition in mind for more than thirty years in the various enactments with reference to intermediate courts. Chapter 76 of the Acts of 1895, creating the Court of Chancery Appeals, dealt solely with equity appeals. Chapter 82 of the Acts of 1907, creating the Court of Civil Appeals, gave that court a large jurisdiction of chancery appeals. The intent to expedite the disposition of chancery appeals is particularly obvious in chapter 100 of the Acts of 1925, creating the Court of Appeals, and chapter 68 of the Acts of 1927, amending that Act, as is evidenced by the especial provisions for findings of fact by the chancellors and by the Court of Appeals and the provisions as to the effect of such findings in this court.

The doubtful language of the first sentence of section 2 of chapter 94 of the Acts of 1929 cannot be construed so as to defeat a legislative intent so often expressed as to demonstrate a settled policy of the lawmakers.

The last sentence of section 1 of chapter 94 of the Acts of 1929 is: "The transcript before the Court of Appeals in cases tried in any lower court upon oral testimony must contain motion for new trial and bill of exceptions." This provision, we have no doubt, does relate to chancery appeals in cases tried in that court upon oral testimony. Such provision would have been superfluous as to cases brought up from law courts. The rule enacted was already well established in law cases. The change of terms employed in the first sentence of section 1 of the Act of 1929, and the last sentence of that section, is quite noticeable and confirms the construction we give the section. The first sentence relates to appeals from any trial court. The last sentence relates to appeals from any

lower court. Any lower court must include a chancery court.

■ Section 2 of chapter 94 of the Acts of 1929 that "this Act repeal all laws or parts of laws directly in conflict herewith, but this Act is cumulative to laws not directly in conflict herewith," cannot be given any force. Such a provision cannot be given effect as a direct repeal of any previous Act since, so treated, it would render the Act in which it was employed unconstitutional, there being no reference to the previous Acts proposed to be repealed. The Constitution, Article II, Section 17; *State v. Yardley*, 95 Tenn., 546; *Memphis v. American Express Co.*, 102 Tenn., 336.

We take it that any statute, not repealing directly or by implication any previous law, is cumulative to such law. Chapter 94 of the Acts of 1929 is not a direct repeal of any previous law, as we have seen, nor, under the construction we give it, does chapter 94 of the Acts of 1929 repeal by implication any previous law, since no irreconcilable conflict arises.

■ Inasmuch as repeals by implication are not favored, our construction seems to have been required. *Hunter v. Harrison, supra; State ex rel. v. Collier*, 160 Tenn., 403, 448, and cases cited. *Balden v. State*, 122 Tenn., 704, and cases cited.

For the reasons stated, the decree of the Court of Appeals herein must be set aside and the cause remanded to that court for a finding of facts and further proceedings.