# RALPH LYON v. GRANT CRABTREE.

Middle Section. November 19, 1932.

Petition for Certiorari denied by Supreme Court, April 8, 1933.

Ward R. Case, of Jamestown, for plaintiff in error.
Will R. Storie, of Jamestown, for defendant in error.

FAW, P. J.   This is an action of replevin brought before a Justice of the Peace of Fentress County by Ralph Lyon against Grant Crabtree, constable of that County, to obtain possession of an automobile upon which defendant Crabtree had levied an execution to satisfy a judgment against Lyon in favor of one Margaret Cravens.

From a judgment of the Justice of the Peace in favor of defendant Crabtree the plaintiff appealed to the Circuit Court of Fentress County, where the cause was heard by the Court without a jury.

The judgment of the Circuit Court, the plaintiff's motion for a new trial, the order of the Court overruling same, the plaintiff's exception thereto and appeal therefrom, and the recognizance of the plaintiff's surety for the cost of the appeal appear from an entry on the minutes of the trial court, as follows:

"This cause came on to be heard on an appeal from a judgment rendered by T. Wheaton, a Justice of the Peace, of Fentress County, Tennessee, and was heard by Judge H. B. Brown; who found as a fact that on the original execution which was levied on the light plant that it was agreed by R. C. Lyon that out of the sale of the proceeds of the sale under the execution, that the vendor's lien of the Oneida and Western Railroad Company should first be satisfied. Therefore the judgment was unsatisfied as shown by the issuance of the execution with which the automobile was levied on that was replevied in this cause.

"And that the officer is entitled to the possession of the automobile replevied in this cause be sold to satisfy the execution in favor of Margaret Cravens.

"That the value of the automobile is Seventy-five Dollars. It is therefore ordered, adjudged and decreed that the plaintiff return the automobile to the defendant, and it is further decreed that the defendant recover of Ralph Lyon, principal, and Ward R. Case and A. B. Norman, securities, on the appeal bond the sum of $19.36 the amount due under the execution, with interest from date of execution. And the cost of this cause for which execution may issue. But it is further considered that the judgment for the sum of $19.36 and cost of execution may be satisfied by the return of the property. And in that case the complainant and his surety pay only the cost of this replevin suit for which execution is awarded.

"WARD R. CASE.

O. K. "WILL R. STORIE.

## MOTION FOR A NEW TRIAL.

"The plaintiff moved for a new trial for the following reasons:

"1. There is no evidence warranting the court's finding that plaintiff, R. C. Lyon, agreed that anything owing to Oneida & Western Railroad Company should be paid anything out of the amount bid at the sale of the light plant under the first execution issued on the judgment in question.

"2. The court erred in not finding and adjudging that the judgment in question was satisfied by the sale of the light plant under the first execution issued.

"3. The court erred in failing to adjudge that the automobile replevied in this case was not subject to the levy of an execution because it was exempt from execution by the statutes in force and effect both at the date of the judgment and the dates of the issuance and levy of the execution.

"Which motion was by the court overruled and the defendant excepted at the time and now excepts.

"To the foregoing finding, to the judgment of the court, and to all action of the court adverse to him the plaintiff, Ralph Lyon, excepts and prays an appeal to the next term of the Court of Appeals at Nashville, Tennessee, which to him is granted upon the execution and filing of a proper appeal bond which is done. All the evidence having been offered in the form of depositions, exhibits and stipulations filed in the case, which are made parts of the record, no bill of exceptions will be necessary.

"Then came Ward R. Case in open court and acknowledged himself bound as surety for the cost of the appeal in this case, which is accepted as a bond of record."

The "appeal" in this case must be construed to mean an appeal in the nature of a writ of error, as a simple appeal does not lie from a judgment in an action at law. Spalding v. Kincaid, 1 Shan. Cas., 31; Manley v. Chattanooga, 1 Tenn. App., 65.

The nature and scope of the assignments of error in this court are indicated by the grounds of the aforesaid motion for a new trial below—the printed rules of this court and of the Supreme Court requiring that they shall be so limited.

In order to dispose of the assignments of error, or any one of them, it is necessary to resort to the evidence in the case, and this is legally impossible, for the reason that no part of the evidence was preserved as a part of the record by bill of exceptions or by any lawfully authorized method appropriate to an action at law.

It is true that all the evidence offered below was (as recited in the final judgment, supra) "in the form of depositions, exhibits and stipulations filed in the case," and, if this were an equity cause, such depositions and exhibits would constitute a part of the record by virtue of the applicable statute (Code of 1932, sec. 8967; Shan. Code, sec. 4836), but "this is a law case, tried under rules applying to cases at law, and the evidence, whether it be oral or in depositions, can only be made a part of the record by bill of exceptions." Neef & Whigham v. Gas Company, 9 Lea, 467, 469; Huddleston v. State, 7 Baxt., 55, 57.

The recitals in the minute entry before quoted, that the depositions, exhibits and stipulations filed in the case "are made parts of the record" and "no bill of exceptions will be necessary," were ineffective and nugatory. Wynne v. Edwards, 7 Humph., 418; Rhea v. White, 3 Head, 120, 123; Stewart v. State, 7 Cold., 338, 340; Jones v. Stock-

ton, 6 Lea, 133; Battier v. State, 114 Tenn., 563, 86 S. W., 711; Railway & Light Co. v. Marlin, 117 Tenn., 698, 704, 99 S. W., 367.

It results that the plaintiff's assignments of error are overruled and the judgment of the Circuit Court is affirmed, and judgment will be entered accordingly. The costs of the appeal will be adjudged against the plaintiff Lyon and the surety on his recognizance of record to secure same.

## OPINION ON PETITION FOR A REHEARING.

On a former day of the present term, the assignments of error in this case were overruled and the judgment of the Circuit Court was affirmed, for the reason that, in order to dispose of the assignments of error, it was necessary to resort to the evidence in the case, and this was legally impossible because no part of the evidence was preserved as a part of the record by bill of exceptions or any method appropriate to an action at law.

Near the conclusion of the final minute entry in the cause below, and following the appeal, it was recited that "all the evidence having been offered in the form of depositions, exhibits and stipulations filed in the case, which are made parts of the record, no bill of exceptions will be necessary."

This being a law case, tried in the Circuit Court under rules applicable to actions at law, we held that the evidence, whether it be oral or in depositions, must be preserved, for the purposes of the appeal, by bill of exceptions.

An earnest petition for a rehearing has been filed on behalf of the plaintiff in error, Ralph Lyon, by which a rehearing is sought on three grounds.

1. It is said, in substance, that where the reason fails, the rule fails, and, therefore, where, as in this case, the Court certifies in a minute entry, over his signature, that all the evidence was in the form of depositions, exhibits and stipulations filed in the case, and made parts of the record, there was no necessity for a bill of exceptions.

The practice thus advocated would constitute a delegation to the Clerk of the duty of determining what shall constitute the record. "It must not be left to the Clerk or other person to determine what constitutes any part of the record" (114 Tenn., 563, 568); but the authentication of all matters going to make up and constitute the record must be by the trial judge, and by him in the exercise and discharge of his judicial functions; and no one else can perform that service for him, nor can he delegate it to anyone else." (117 Tenn., 698, 705).

The necessity for a bill of exceptions, in order to preserve the evidence for appeal in actions at law, is, we think, well settled by the

authorities cited in our former opinion in this case. Some additional authorities are cited in Cosmopolitan Life Insurance Co. v. Woodward, 7 Tenn. App., 394, and in the notes to section 4693 of Thompson's-Shannon's Code.

2. Petitioner makes the further claim that chapter 94 of the Acts of 1929 (carried into the Code of 1932, sec. 10622, in modified form) "clearly implies that a bill of exceptions shall not be necessary except when the hearing below is upon oral testimony."

The Act thus mentioned is entitled, "An Act to regulate the hearing of cases in the Court of Appeals," and the concluding sentence of the first section of the Act is, "the transcript before the Court of Appeals in cases tried in any lower Court upon oral testimony must contain motion for new trial and bill of exceptions."

"In Hibbett v. Pruitt, 162 Tenn., 285, 292, 36 S. W. (2d), 897, the Court said that the provision above quoted no doubt related to appeals in chancery cases tried below on oral testimony; that it "would have been superfluous as to cases brought up from law courts," as "the rule enacted was already well established in law cases."

We find nothing in said Act of 1929 which, to our minds, supports an implication that the Legislature intended to thereby confine the rule, requiring that the evidence in actions at law shall be preserved by bill of exceptions, to cases tried on oral testimony.

3. Petitioner further insists that, if he is wrong in his contention that a bill of exceptions was not necessary, then a rehearing should be granted and the case should be remanded to the Circuit Court for a new trial pursuant to section 9054 of the Code of 1932 (Shan. Code, sec. 4905), which provides that "the Court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the Court below for further proceedings, with proper instructions to effectuate the objects of the order, and upon such terms as may be deemed right."

In view of the multitude of cases in which our Supreme Court has affirmed judgments of trial courts because the evidence was not properly preserved by bill of exceptions, and in not one of which (so far as we can learn) has there been a remand for a new trial under the authority of the Code section above quoted, we are constrained to hold, without discussion, that said Code section has no application to such a case.

It results that the petition for a rehearing is denied and dismissed at the cost of the petitioner.

Crownover and DeWitt, JJ., concur.