CHARLES GALBREATH, Complainant, v. FRANK NOLAN et al., Defendant.—429 S.W.(2d) 447.

Middle Section. October 27, 1967.

Rehearing Denied January 5, 1968.

Certiorari Denied by Supreme Court June 17, 1968.

C. Allen High and Leroy J. Ellis, III, Nashville, for complainant.

Wilson Sims and E. Warner Bass, Nashville, for defendants.

TODD, J. This is an appeal by the members of the Davidson County Democratic Primary Election Board, hereafter referred to as defendants, from a decree of the chancellor invalidating certain alleged actions of the Board and awarding to the complainant, Charles Galbreath, a judgment for refund of $933.33 paid to defendants in connection with his candidacy in a Democratic Primary Election.

George McCanless, Attorney General of Tennessee, was named as defendant and filed an answer denying that he was a proper party. No further action or decree for or against him appears in the record, from which we infer that the suit has been abandoned insofar as he is concerned.

Beverly Briley, Mayor, Metropolitan Nashville and Davidson County, Tennessee, was likewise named defendant, but failed to answer and an order pro-confesso was entered against him. No further proceedings or decrees for or against him appear in the record, from which we infer that the suit has been abandoned insofar as he is concerned.

The original bill of complainant was filed on February 7, 1964. The answer of defendants was filed February 28, 1964. The primary election which was the subject of the controversy was to be held on March 19, 1964. The depositions of Charles Galbreath and Hazel Underwood were taken on July 9, 1964 and filed on July 13, 1964. The

captions of these two depositions state that they were taken "for purposes of discovery pursuant to the provisions of Section 24-1201 et seq., Tennessee Code Annotated." Each caption states that "C. Allen High, Esq. appeared as counsel for and on behalf of the plaintiff," and each deposition discloses that the only interrogation was conducted by Mr. High. We, therefore, conclude that both depositions were taken at the instance of and on behalf of complainant.

No other evidence appears in the record.

On September 9, 1966, the defendants filed written objections to the competency of the discovery deposition of Charles Galbreath on the ground that the witness was a party, and his discovery deposition was admissible only at the instance of his adversary.

By the same instrument defendants objected to the competency of the discovery deposition of Hazel Underwood on the ground that no ground had been shown for use of the discovery deposition in evidence as required by statute.

Section 24-1208, T.C.A., referring to discovery depositions states in part:

"(b) The deposition of a party * * * may be used by an adverse party for any purpose. (c) The deposition of a witness, whether or not a party, may be used by any party if the court finds: (Here are listed 5 circumstances, none of which appear in the record of this case.)"

No other statutory authority has been found for use of a discovery deposition in evidence.

The memorandum opinion of the chancellor dated September 30, 1967 contains the following:

"Since the pleadings in this cause clearly and concisely present the issue, the objection to depositions are really immaterial and there is no need to rule on the objection."

██ From the foregoing, we are compelled to conclude that the cause was determined by the chancellor without consideration of the depositions. The objections to the consideration of depositions were well taken. (24-1208, T.C.A.). It would not have been proper for the chancellor to consider the depositions. Neither shall we.

██ Without the depositions, or any other evidence, the only facts which might have been properly considered by the chancellor, or by us on appeal, are those stated in the bill and admitted in the answer and such, if any, as are judicially known to the chancellor and this court.

Complainant's original bill alleged,

"(1) That the defendants had announced a Primary Election in Davidson County to be held on March 19, 1964,

(2) That defendants had announced that only candidates able and willing to pay large sums of money for various public offices would be privileged to participate,

(3) That complainant had been required to pay and had paid to defendants under protest the sum of $2,800.00 in order to qualify as a candidate in said primary,

(4) That said primary was to be held subject to applicable private acts and the general election laws of

Tennessee neither of which authorize expenses of elections to be charged to candidates,

(5) That if any act or law authorizes the conduct complained of, it is unconstitutional,

(6) That the actions of the Primary Board constitute unconstitutional discrimination, and

(7) That nomination of the Democratic Primary in Davidson County is tantamount to election.''

The answer of defendants made the following responses to the allegations of complainant's bill:

In response to complainant's allegation (1), the proposed primary election was admitted.

In response to complainant's allegation (2), defendant's answer admitted that ''the Democratic Executive Committee'' (not otherwise identified in the answer) determined that ''those candidates who stand to benefit from being nominated by the party should share the expenses of holding the primary.'' The answer made no admission that the defendant Primary Board had made any decision, announcement or demand of a compulsory deposit as prerequisite to qualification for the primary. The answer concluded with the customary general denial of all matters not specifically denied, hence the substance of allegation (2) stands as denied and at issue in the pleadings.

In response to allegation (3) of complainant's bill, the answer admits: ''in accordance with the rules established by the County Democratic Party that he has paid his share of the anticipated expense of the County Primary,'' and ''therefore the complainant's share is $933.33 and the balance of the $2,800.00 qualifying fee will be re-

turned to complainant immediately after the election."
The answer alleges, *"he has voluntarily paid his quali-
fying fee. * * *"* Thus the defendants admit the payment
of $2,800.00 but deny that it was paid under protest.

In response to complainant's allegations (4, 5 and 6),
the answer averred that,

> "* * * the action of the defendants in holding the
> County Primary is provided by law, and particularly
> Section 549 of the Private Acts of 1923 and Section 422
> of the Private Acts of 1907. * * *"

and denied that said acts or any activities of the defend-
ants are violative of the state or federal constitution.

In response to complainant's allegation (5), the answer
specifically denied that the Democratic nomination is
tantamount to election and demanded strict proof
thereof.

The foregoing is sufficient to establish that the
pleadings raised issues of fact to be determined before
the trial court, or this court, would be in position to de-
cide the issues of law in relation to the facts as they
existed. The absence of any admission or proof that
defendants did demand payment of the sum paid as a
prerequisite to participation, that payment was made
"under protest," or that nomination is tantamount to
election, renders moot the questions of law which have
been so diligently briefed and earnestly argued upon
appeal.

Several maxims of equity are applicable to the record
as made in this case:

1. Affirmanti non neganti incumbit probatis. (The
burden of proof rests upon him who affirms, not upon

him who denies.) Gibson's Suits in Chancery. Fifth Edition, sec. 451.

■ 2. Quod non apparet non est. (What does not appear [in the record] does not exist [so far as the suit is concerned].) Ibid., sec. 71(1).

■ 3. Non refert quid notum sit judici, si notum non sit in forma judicii. (It matters not what is known to the judge personally if it be not known to him in his official capacity.) Ibid., sec. 71(1), 459.

■ 4. Judicis est judicare secundum allegata et probata. (It is the duty of a judge to decide according to the pleadings and the proofs.) Ibid., sec. 71; 73(22); 597; 1210.

We recognize real and debatable issues of law in relation to the charges made in the complainant's bill, which might be determined in a proper case. It is regrettable that the record before us is not in such form as to authorize such a determination.

It is true that the original bill makes a general attack upon such laws, ordinances, or regulations as may appear to authorize the acts complained of, and that the answer states that *holding* the primary is provided by laws which authorize and direct that expenses of primaries be defrayed in such manner as is determined by the Primary Board. The complainant does not complain of the *holding* of the primary, and his allegation as to the particular acts of the defendant are denied and unproven.

As stated in West v. Carr, 212 Tenn. 367, 370 S.W.2d 469 (1962):

"In these circumstances, it is plain that complainant's bill fails to state a cause under our Declaratory Judgments Act. That act deals only with present rights

that have accrued under presently existing facts. It gives the court no power to determine future rights or possible controversies in anticipation of events that may not occur. (Citing cases) 212 Tenn. p. 380, 370 S.W.2d p. 475.

It does not enable courts to give advisory opinions upon what the law would be upon a theoretical or hypothetical state of facts. (Citing cases).

We will not pass on the constitutionality of a statute, or any part of one, unless it is absolutely necessary for the determination of the case and of the present rights of the parties to the litigation (Citing cases)." 212 Tenn. p. 381, 370 S.W.2d p. 475.

It is to be hoped that the apparent legal issues of this case may be presented to the courts if necessary at such time, under such circumstances, and in such manner that they may be promptly resolved without subjecting parties who have acted in good faith to the peril of subsequent judicial determination. Such was the procedure followed in the case of Ledgerwood v. Pitts, 122 Tenn. 570, 125 S.W. 1036, cited in briefs of both appellants and appellees.

The decree of the chancellor is reversed and the complainant's bill is dismissed, at his cost.

Reversed and dismissed.

Shriver, P.J., and Puryear, J., concur.

ON PETITION FOR REHEARING

The complainant has filed a petition to rehear which contains a detailed analysis of the opinion of this Court filed on October 27, 1967, together with brief of authori-

ties and argument. Defendants have replied with authorities and argument.

The petition concedes the prerogative of this Court to base its decision upon grounds not argued by counsel. The authorities and argument submitted in the petition and answer thereto have been given full study and consideration, so that this further determination of the matter does follow opportunity of counsel to be heard on the points involved.

■ One of the grounds of the petition is that the case should be decided upon the pleadings alone. The pleadings were analyzed and discussed in our former opinion which requires no supplement in this regard. The petition does point out that the Supreme Court remanded the cause to this court for a finding of fact, which does not indicate that the pleadings were sufficient basis for a decision in that court.

■ Complainant insists that the inadvertent wording of the captions of the discovery depositions is a triviality which should be disregarded by this Court. For most purposes, this insistence is sound, but where the inadvertence is such as to mislead adversary into offering no evidence for the defendant, then the inadvertence, if such it be, is not trivial. The supposed inadvertence could have been readily corrected where pointed out by exceptions filed, and defendants could have been given opportunity to contravene evidence with evidence, but this was not done. Complainant went to trial with no competent evidence, and defendants were justified in going to trial with no evidence.

The petition urges that this matter be remanded for a new trial. This possibility was considered and rejected in preparing the original opinion.

As stated in Lyon v. Crabtree, 16 Tenn.App. 42, 64 S.W.2d 24 (1932) in respect to a similar request:

"In view of the multitude of cases in which our Supreme Court has affirmed judgments of trial courts because the evidence was not properly preserved by bill of exceptions, and in not one of which (so far as we can learn) has there been a remand under the authority of the Code section above quoted, we are constrained to hold without discussion, that said Code section has no application to such a case." 16 Tenn. App. at 46, 64 S.W.2d at 26.

And, in Reeve v. Harris (Tenn.App. 1897) 50 S.W. 658, it is said:

"There must be an end of litigation, after the parties have had a full and fair opportunity to have their rights adjudicated. To allow repeated trial, on the theory that the losing litigant might be more successful next time, would be unwise from the standpoint of public policy, and unjust to the opposing litigant." 50 S.W. at 661.

As suggested in our former opinion, there are better times and ways to attempt to reform election procedure than to implead a committee of citizens who propose to hold a primary election, to deposit "under protest" a contribution to the expenses of the election, to urge that the committee proceed with the election with its necessary expenses, and then to demand refund of the contribution which must necessarily have been expended in part at least by conducting the election as urged by complainant.

The petition to rehear is respectfully denied.

Shriver, P. J., and Puryear, J., concur.