# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

October 10, 1997

Cecil W. Crowson
Appellate Court Clerk

VICKIE DIANNE TUTTLE,   )
                      )
    Plaintiff/Appellee,   )
                      )   Coffee Circuit
                      )   No. 1883D
VS.                   )
                      )   Appeal No.
                      )   01A01-9512-CV-00546
ROBERT EDWARD TUTTLE,   )
                      )
    Defendant/Appellant.   )

## APPEAL FROM THE CIRCUIT COURT FOR COFFEE COUNTY
## AT MANCHESTER, TENNESSEE

### THE HONORABLE GERALD L. EWELL, SR., JUDGE

For the Plaintiff/Appellee:            For the Defendant/Appellant:

No Appearance                         Robert E. Tuttle, Pro Se

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a divorce in which the husband has been incarcerated throughout the marriage. After approximately four years of marriage, both the wife and the husband filed suit for divorce in the Circuit Court for Coffee County. Following a bench trial attended only by the wife, the trial court granted the wife a divorce on the grounds that the husband was incarcerated and that his conviction had rendered him infamous. On this appeal, the husband asserts that the trial court should not have granted the wife a divorce because she did not properly verify her complaint and asserts that he did not receive property that was rightfully his. We have determined that the judgment should be affirmed and that the case should be remanded for consideration of the husband's property claims.

## **I.**

Robert Tuttle has a lengthy criminal record.[1] He was living in Tullahoma under the alias "Tom Jones" when he met Vicki Lancaster. Mr. Tuttle and Ms. Lancaster had been dating for approximately one year when the law enforcement authorities arrested Mr. Tuttle in October 1990 for aggravated burglary and murder. Mr. Tuttle, still known as "Tom Jones," and Ms. Lancaster were married in August 1991 while Mr. Tuttle was still in jail awaiting trial. In February 1992, after Mr. Tuttle's true identity became known, Mr. Tuttle and Ms. Lancaster were remarried under the name of Mr. and Mrs. Robert Tuttle.

In April 1995, a Coffee County jury convicted Mr. Tuttle of voluntary manslaughter.[2] He was later convicted of aggravated burglary by a Franklin County jury and was sentenced to serve eight years in the state penitentiary. The trial court in Franklin County determined that Mr. Tuttle should serve his sentence for aggravated burglary consecutively with his voluntary manslaughter sentence.

---

[1]*State v. Tuttle*, 914 S.W.2d 926, 933 (Tenn. Crim. App. 1995) recounts Mr. Tuttle's criminal history.

[2]The record does not contain direct evidence concerning the length of Mr. Tuttle's voluntary manslaughter sentence. Mr. Tuttle states in his brief that he received a six year sentence for his voluntary manslaughter conviction.

Ms. Tuttle sued Mr. Tuttle for divorce in April 1995 in the Circuit Court for Coffee County. She asserted three grounds: (1) that Mr. Tuttle's convictions had rendered him infamous [Tenn. Code Ann. § 36-4-101(5) (1996)], (2) that Mr. Tuttle had been incarcerated [Tenn. Code Ann. § 36-4-101(6)], and (3) that the parties had irreconcilable differences [Tenn. Code Ann. § 36-4-101(11)]. Inexplicably, even though Ms. Tuttle had retained counsel, her complaint was not verified as required by Tenn. Code Ann. § 36-4-107(a) (1996) as it then read.

In his pro se answer filed on May 19, 1995, Mr. Tuttle admitted that Ms. Tuttle had grounds for divorce based on his criminal conviction and incarceration but denied that the parties had irreconcilable differences. However, he later asserted in his counterclaim that the parties had irreconcilable differences and that Ms. Tuttle was guilty of cruelty and desertion. Mr. Tuttle did not take issue with Ms. Tuttle's defective verification of her complaint or assert any other affirmative defense.[3]

The trial court conducted a bench trial on August 4, 1995. Mr. Tuttle was not present because he was incarcerated. Based on Ms. Tuttle's evidence, the trial court granted Ms. Tuttle an absolute divorce on the two grounds based on Mr. Tuttle's criminal convictions. The trial court also dismissed Mr. Tuttle's counterclaim for divorce and restored the parties' rights and privileges as single persons but made no specific mention of the parties' marital or separate property.

## II.

There are few factual disputes in this record, and the issues Mr. Tuttle seeks to raise are essentially legal ones for which a record is not required.[4] He insists that the trial court should have provided him with the assistance of counsel at state expense,

---

[3]Mr. Tuttle asserts for the first time on appeal that the complaint and summons were not properly served on him. He has waived this issue by failing to raise it in the trial court. *See* Tenn. R. Civ. P. 12.08; Tenn. R. App. P. 36(a). We will not consider issues regarding the sufficiency of service of process for the first time on appeal. *See Brewer v. DeCamp Glass Casket Co.,* 139 Tenn. 97, 110-12, 201 S.W. 145, 148-49 (1918).

[4]The parties have not provided a transcript or statement of the evidence. The trial court correctly denied Mr. Tuttle's request for a transcript at state expense because divorce cases are not the type of civil proceeding in which the State is obligated to provide a transcript to either party at state expense. *See M.L.B. v. S.L.J.,* ___ U.S. ___, ___, 117 S. Ct. 555, 568 (1997) (holding that the State must provide transcripts in criminal and quasi-criminal proceedings and in proceedings involving the termination of parental rights); *Almarez v. Carpenter*, 347 F. Supp. 597, 599 (D. Colo. 1972) (finding no constitutional right to a free transcript in a divorce case).

that the trial court should not have awarded Ms. Tuttle jointly held stock, and that the trial court should not have granted Ms. Tuttle a divorce because she had not verified her complaint. We will take each of these issues up in turn.

## A.
### MR. TUTTLE'S RIGHT TO COUNSEL

Mr. Tuttle represented himself throughout the proceedings in the trial court. After he perfected his appeal, he requested the trial court to appoint counsel to represent him. The trial court denied Mr. Tuttle's request, and Mr. Tuttle has not renewed his request for appointed counsel in this court.

Indigent civil litigants do not have a constitutional right to state-paid counsel in all civil proceedings. *See Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 25, 101 S. Ct. 2153, 2158-59 (1981); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); *Rosewell v. Hanrahan*, 523 N.E.2d 10, 12 (Ill. App. Ct. 1988). They likewise have no statutory right to state-paid counsel in Tennessee, although Tenn. Code Ann. § 23-2-101 (1994) empowers courts to appoint members of the bar to represent indigent litigants in civil cases. When appointed, these counsel serve pro bono, not at taxpayer expense.

Mr. Tuttle insists that prisoners have a statutory right to state-paid counsel, even if other indigent civil litigants do not. He rests his claim on Tenn. Code Ann. § 41-21-302 (1997) which states:

> If a bill or petition is filed against a convict in any court having jurisdiction, or any interrogatories propounded to him as a party to the suit, which require to be answered, the convict may be allowed the aid of counsel to prepare his answer.

This statute does not require the State to provide counsel to prisoners who are parties in civil cases; it merely permits prisoners to use counsel.

Other panels of this court have held on at least two prior occasions that parties in divorce proceedings are not entitled to appointed counsel. *See Northcott v. Northcott*, App. No. 01A01-9407-CV-00325, 1995 WL 8029, at *2 (Tenn. Ct. App.

-4-

Jan. 11, 1995), *perm. app. denied* (Tenn. May 30, 1995); *Lyon v. Lyon*, 765 S.W.2d 759, 763 (Tenn. Ct. App. 1988). Under the circumstances of this case, we have no basis to conclude that the trial court erred when it denied Mr. Tuttle's request for appointed counsel.

## B.
### THE VERIFICATION OF MS. TUTTLE'S DIVORCE COMPLAINT

Mr. Tuttle asserts that the trial court should not have granted Ms. Tuttle a divorce because her complaint was not verified in accordance with Tenn. Code Ann. § 36-4-107(a). He correctly points out that at one time the lack of proper verification of a divorce complaint provided grounds for dismissal. *See Turner v. Bell*, 198 Tenn. 232, 248, 279 S.W.2d 71, 78 (1955); *DeArmond v. DeArmond*, 92 Tenn. 40, 42-46, 20 S.W. 422, 423 (1892). *Fuqua v. Fuqua*, No. 01A01-9403-DR-00143, 1994 WL 441041, at * 1 (Tenn. Ct. App. Aug. 17, 1994) (No Tenn. R. App. P. 11 application filed). However, the General Assembly relaxed this requirement in 1996 when it amended Tenn. Code Ann. § 36-4-107 to provide that divorce decrees filed prior to March 22, 1996 would not be considered invalid simply because the divorce complaint did not contain an affidavit of verification. *See* Tenn. Code Ann. § 36-4-107(c).

The decree in this case was filed on August 4, 1995. Thus, any technical defect resulting from Ms. Tuttle's failure to comply with Tenn. Code Ann. § 36-4-107(a) is of no legal consequence. Mr. Tuttle did not raise this issue until after the trial court's decision. While admitting that Ms. Tuttle had grounds for divorce based on his conviction and incarceration, he asserted that she was not entitled to a divorce on the grounds of desertion, cruelty, and irreconcilable differences. In a later pleading, he asserted that he was entitled to an irreconcilable differences divorce.[5] Mr. Tuttle's admission that he had been convicted of an infamous crime and that he had been incarcerated throughout the marriage amount to a stipulation of grounds for divorce under Tenn. Code Ann. § 36-4-129(a) (1996). Accordingly, we

---

[5]Complaints seeking a divorce for irreconcilable differences need not be verified. *See* Tenn. Code Ann. § 36-4-107(a). While parties asserted that they were entitled to a divorce based on irreconcilable differences, neither party was entitled to an irreconcilable differences divorce because they had not agreed on an equitable distribution of their marital property. *See* Tenn. Code Ann. § 36-4-103(b).

let stand the judgment granting Ms. Tuttle a divorce on the grounds that Mr. Tuttle had been convicted of an infamous crime that had resulted in a sentence of confinement in the state penitentiary.

## C.

### THE DISTRIBUTION OF THE MARTIAL PROPERTY

As a final matter, we take up Mr. Tuttle's assertion that the trial court did not equitably distribute the parties' jointly owned property. Despite Ms. Tuttle's assertion that the parties had accumulated no marital property, Mr. Tuttle claimed that he had a legally recognizable interest in an unspecified amount of Wal-Mart stock, an automobile, clothing, and other personal belongings including musical tapes, compact disks, tools, and drawings. We find no indication in this record that the trial court dealt with these items of property.

Judicial decrees should be construed like other written instruments. *See Livingston v. Livingston*, 58 Tenn. App. 271, 281, 429 S.W.2d 452, 456 (1967). They should be interpreted as a whole, *see Cookeville Gynecology & Obstetrics, P.C. v. Southeastern Data Sys., Inc.*, 884 S.W.2d 458, 462 (Tenn. Ct. App. 1994), and with reference to the pleadings. *See Southwestern Presbyterian Univ. v. Clarksville*, 149 Tenn. 256, 265-66, 259 S.W. 550, 553 (1924). Decrees cannot transcend above and beyond the pleadings and the proof. *See Fidelity-Phenix Fire Ins. Co. v. Jackson*, 181 Tenn. 453, 462-63, 181 S.W.2d 625, 628-29 (1944); *Galbreath v. Nolan*, 58 Tenn. App. 260, 267, 429 S.W.2d 447, 450 (1967).

The divorce decree in this case does not mention marital or separate property. Ms. Tuttle raised no issue concerning property in her divorce complaint, and the record contains no basis for concluding that she presented any proof at the divorce hearing concerning the parties' separate or marital property. We cannot presume that the court disposed of an issue from the mere fact that a judgment is silent concerning the issue. *See Greenwood v. Bank of Illmo*, 753 S.W.2d 637, 640 (Mo. Ct. App. 1988). Accordingly, we find that whatever rights the parties may have had to separate or marital property prior to their divorce have not yet been adjudicated.

The trial court has not divided the parties' property inequitably because it has not yet addressed the issue. On remand, the trial court should determine whether the

parties accumulated any marital property during their marriage. If they did, the trial court should value it and then divide it in an equitable manner in accordance with the criteria for dividing marital property in Tenn. Code Ann. § 36-4-121 (1996).

### III.

We affirm the judgment and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal in equal proportions to Robert Edward Tuttle and Vicki Dianne Tuttle for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE