IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1998 SESSION

FILED

July 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9706-CC-00215 |
| Appellee, | * | RUTHERFORD COUNTY |
| VS. | * | Hon. James K. Clayton, Jr., Judge |
| EARNEST EUGENE TRAVIS, | * | (Driving Under the Influence) |
| Appellant. | * | |

For Appellant:

Peter D. Heil, Attorney
P.O. Box 40651
Nashville, TN 37204
(on appeal)

David E. Brandon, Attorney
211 Third Avenue North
Nashville, TN 37201
(at trial and on appeal)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Daryl J. Brand
Assistant Attorney General
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, TN 37243-0493

William E. Whitesell
District Attorney General
Third Floor, Judicial Building
Murfreesboro, TN 37130

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Earnest Eugene Travis, was convicted in a bench trial of driving under the influence of an intoxicant. The trial court imposed a sentence of eleven months and twenty-nine days, granted supervised probation after forty-eight hours in jail, and revoked the driver's license of the defendant. In this appeal of right, the defendant challenges the sufficiency of the evidence, argues that the opinion testimony of the police officers should have been excluded, and contends that the trial judge impermissibly considered personal knowledge in making his decision.

We find no error and affirm the judgment of the trial court.

At 2:00 A.M. on August 9, 1995, Officer Stacey Thompson of the Lavergne Police Department observed a red Toyota driven by the defendant weaving along a public road. After stopping the defendant's vehicle, Officer Thompson detected a strong odor of alcohol. According to the officer, who administered field sobriety tests, the defendant "failed to perform satisfactorily." In Officer Thompson's opinion, the defendant was intoxicated.

Sergeant Sam Spicer, who performed a breathalyser test, testified over objection that he believed the defendant to be intoxicated. The result of the test was excluded, however, because the defendant was not observed for the requisite period of time.[1]

---

[1]The trial court found that the defendant had been observed for seventeen minutes rather than the twenty minutes required by law. <u>See</u> <u>State v. Sensing</u>, 843 S.W.2d 412 (Tenn. 1992).

The defendant acknowledged that he had consumed between three and six beers over a period of six to seven hours while he had been fishing with his brother. He explained that he had been barefoot when he performed the field sobriety test.

There was no transcript of the trial. A statement of the evidence prepared by counsel for the defendant serves as the record.

The statement, filed by the defendant in lieu of a transcript under Tenn. R. App. P. 24(c), makes reference to the comments of the trial judge:

> [T]he judge indicated that he attended a judicial seminar which had addressed the number of drinks that would result in intoxication and based on such information found the defendant guilty of D.U.I. and assigned first-time D.U.I. sanctions.

The state filed no objections to the content of the statement of the evidence and otherwise chose not to supplement the narrative summary of the proof presented in the trial court.

The initial challenge is to the sufficiency of the evidence. On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the testimony, however, are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). A conviction can be set aside only when the reviewing court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13 (e). In a

3

bench trial, the trial judge's findings on questions of fact are given the weight of a jury's verdict. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978); State v. Hatchett, 560 S.W.2d 627 (Tenn. 1978).

In our view, the evidence was sufficient to support the conviction. While the statement of the evidence obviously did not include all of the testimony at trial, each of the elements of driving under the influence of an intoxicant were established. Tenn. Code Ann. § 55-10-401. The defendant admitted that he had consumed several beers. The record indicates that his car was weaving just before his arrest. He failed one or more sobriety tests and each of two officers held the opinion that the defendant was intoxicated.

Next, the defendant argues that the trial judge should have excluded the opinion testimony of the two officers that the defendant was intoxicated. The defendant insists that there was no foundation for the testimony. We disagree.

Rule 701(a) of the Tennessee Rules of Evidence permits a lay witness to express an opinion if (1) the opinion is "rationally based on the perception of the witness," and (2) it is "helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." The statement of evidence suggests that each of the two officers had a reasonable opportunity to observe the demeanor of the defendant. One of the officers who made the arrest administered a field sobriety test. The other observed the defendant for several minutes before administering a breathalyser test. The Advisory Commission Comments to Rule 701 provide that "a lay witness may testify that a person was 'drunk' or that a car was traveling 'fast.'" The record establishes that each of the lay witnesses had a basis for rendering his opinion.

4

As his final argument, the defendant submits that what the trial judge had learned at a judicial seminar about the number of drinks that would result in intoxication qualified as extra-judicial evidence rendering the verdict unreliable. In Vaughn v. Shelby Williams of Tennessee, Inc., 813 S.W.2d 132 (Tenn. 1991), our supreme court established guidelines governing extra-judicial observations:

> There is ample authority for the proposition that a judge is not to use from the bench, under the guise of judicial knowledge, that which he knows only as an individual observer outside of the judicial proceedings. 9 Wigmore, Evidence, § 2569 at 723 (1981). Judicial knowledge upon which a decision may be based is not the personal knowledge of the judge, but the cognizance of certain facts the judge becomes aware of by the virtue of the legal procedures in which he plays a neutral role. State v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 188 (1968). No judge is at liberty to take into account personal knowledge which he possesses when deciding upon an issue submitted by the parties. Laurance v. Laurance, 198 Ore. 630, 258 P.2d 784, 787 (1953). In other words, "[i]t matters not what is known to the judge personally if it is not known to him in his official capacity." Galbreath v. Noland, 58 Tenn. App. 260, 429 S.W.2d 447, 450 (1967).

In Vaughn, a worker's compensation case, the trial judge remarked in his memorandum opinion that he had observed the claimant on three separate occasions outside of the courtroom. The trial judge observed, "This man looks and walks a little better than death warmed over," before determining that the claimant had an eighty percent permanent-partial disability to the body as a whole. The supreme court reversed the judgment and remanded for a new trial with a different judge.

This case is distinguishable on the facts. The trial judge knew nothing of the particular circumstances of this offense except through the evidence presented by the state and the defense. Because there is no verbatim transcript of this trial, it is difficult to assess the context in which the reference to a judicial

5

seminar was made.  The general knowledge of a trial judge about the effects of alcohol or general knowledge otherwise acquired through professional training is almost inevitably a part of a judicial determination in a bench trial.  "Although litigants are entitled to a judge who will hear both sides and decide an issue on the merits of the law and the evidence presented, they are not entitled to a judge whose mind is a clean slate.  Each judge brings to the bench the experiences of life, both personal and professional."  Madsen v. Prudential Fed. Sav. & Loan, 767 P.2d 538, 546 (Utah 1988) (emphasis added); see generally, Montegut v. Davis, 473 So. 2d 73, 80 (La. App. 1985) ("Obviously a judge cannot decide cases in a vacuum; we all must use our accumulated knowledge and experience in evaluating evidence and determining what makes one witness more believable than another.  Under the circumstances, the judge's mention of his knowledge [of local real estate trends] was harmless error if it was error at all.")  Discretion suggests that references to these ordinary experiences are often better left unsaid.  Whether those matters qualify as reversible error, however, depends upon the extent and context of the remarks in view of the evidence presented at trial.  See generally, State v. Raines, 882 S.W.2d 376, 385 (Tenn. Crim. App. 1994)(sentence affirmed although trial judge erroneously applied enhancement factor based on trial judge's recollection of having seen the victim rather than evidence presented to the court by the parties); see also Kay E. Blackwood v. Berkline Corp., No. 01S01-9609-CV-00190 (Tenn., May 21, 1997)(harmless error for trial judge to take judicial notice of the credibility of a witness).  Here, there was sufficient evidence to support the conviction.  The trial judge had a sound basis for a determination of guilt and, when confronted with his extra-judicial statement at the motion for new trial, he nonetheless declined relief.  It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal.  State v. Miller, 737 S.W.2d 556 (Tenn. Crim.

6

App. 1987); Tenn. R. App. P. 24(c). In the absence of a more complete record for a determination on a particular issue, this court must conclude that the trial court correctly ruled. <u>See</u> <u>Smith v. State</u>, 584 S.W.2d 811 (Tenn. Crim. App. 1979); <u>Vermilye v. State</u>, 584 S.W.2d 226 (Tenn. Crim. App. 1979).

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
L. T. Lafferty, Special Judge