Barnett VAUGHN, Plaintiff–Appellee,

v.

**SHELBY WILLIAMS OF TENNESSEE, INC., Defendant–Appellant.**

Supreme Court of Tennessee,
at Knoxville.

June 24, 1991.

William R. Seale, Mark C. Travis, Morristown, for appellant.

James M. Davis, Morristown, for appellee.

## OPINION

DROWOTA, Justice.

In this workers' compensation action, the employer, Shelby Williams of Tennessee, Inc., Defendant–Appellant, has appealed from a judgment of the Circuit Court of Hamblen County awarding the employee, Barnett Vaughn, Plaintiff–Appellee, 80 percent permanent partial disability to the body as a whole as a result of a compensable back injury that occurred on September 12, 1988. The trial court also awarded temporary total disability benefits from the date of the Plaintiff's back surgery, May 8, 1989, to May 23, 1990, the day of the trial, in addition to a 25 percent bad faith penalty pursuant to the provisions of T.C.A. § 50–6–225(k).[1] Although five issues have been raised for our consideration, the question dispositive of this appeal is whether the

---

1. T.C.A. § 50–6–225(k) provides: "If an employer wrongfully fails to pay an employee's claim for temporary total disability payments, the employer shall be liable, in the discretion of the court, to pay the employee, in addition to the amount due for temporary total disability payments, a sum not exceeding twenty-five percent (25%) or such temporary total disability claim, provided that it is made to appear to the court that the refusal to pay such a claim was not in good faith and that such failure to pay inflicted additional expense, loss or injury upon the employee and provided further, that such additional liability shall be measured by the additional expense thus entailed."

Defendant is entitled to a new trial in view of the fact that the trial court based its decision, at least in part, on personal observations of the Plaintiff prior to trial, separate and apart from any judicial proceedings. For the reasons set forth below, we reverse and remand for a new trial.

The Plaintiff, age 48 at the time of trial with an eighth grade education, injured his back while in the course and scope of his employment as a plywood bender on September 12, 1988. He was diagnosed as having sprained his spine. While continuing to work, he was treated by two physicians for back pain throughout 1988, and eventually sought treatment from Dr. Norwood, a neurosurgeon, in April, 1989. Surgery was performed on May 8, 1989, to remove a ruptured disc and some bone spurs. Dr. Norwood assessed an impairment rating of 25 percent and urged the Plaintiff to seek vocational rehabilitation because he could not return to his previous employment, which involved repetitive bending and lifting. The Plaintiff's work history consisted primarily of unskilled manual labor.

When the case was tried on May 23, 1990, the trial judge awarded 80 percent permanent partial disability to the body as a whole plus temporary total disability benefits. In its memorandum opinion, the court stated: "As to this particular defendant, the court had an opportunity to observe him on one occasion about a week before the trial, on another occasion at the Morristown Mall, and at another time in the parking lot, and, of course, during the trial. You can't always tell how disabled a person is by just observing him; anyway, this man looks and walks a little better than death warmed over." The court's award was based upon the medical and vocational proof and "general observations of the Plaintiff." This appeal followed.

As stated, the dispositive question in this case is whether it was error for the court to base its decision on facts not contained in the record, but acquired by the court's extrajudicial observations of the Plaintiff. The trial judge saw the Plaintiff on three separate occasions prior to trial and based his decision, in part, on what was observed. We hold that this constitutes reversible error.

There is ample authority for the proposition that a judge is not to use from the bench, under the guise of judicial knowledge, that which he knows only as an individual observer outside of the judicial proceedings. 9 Wigmore, *Evidence*, § 2569 at 723 (1981). Judicial knowledge upon which a decision may be based is not the personal knowledge of the judge, but the cognizance of certain facts the judge becomes aware of by virtue of the legal procedures in which he plays a neutral role. *State v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 188 (1968). No judge is at liberty to take into account personal knowledge which he possesses when deciding upon an issue submitted by the parties.[2] *Laurance v. Laurance*, 198 Or. 630, 258 P.2d 784, 787 (1953). In other words, "[i]t matters not what is known to the judge personally if it is not known to him in his official capacity." *Galbreath v. Nolan*, 58 Tenn.App. 260, 429 S.W.2d 447, 450 (1967).

Significantly, a judge is not permitted to make an investigation of a case, even an inadvertent one, off of the record, and then base a holding on the information obtained incident thereto. *See State v. Suttles*, 767 S.W.2d 403, 407 (Tenn.1989); *Caldwell v. State*, 164 Tenn. 325, 48 S.W.2d 1087, 1097 (1932); *see also Moore v. Russell*, 294 F.Supp. 615, 620–21 (E.D.Tenn. 1968) ("Whatever may have been the personal observations and individual views of the judge as a person, these factors have no place whatever in his exercise of judicial

---

2. Judicial notice may, however, be taken of adjudicative facts provided those facts are not subject to reasonable dispute and, even then, only under limited circumstances. Rule 201, Tennessee Rules of Evidence. This case does not involve judicial notice of facts per se. Rather, this matter involves a trier of fact, who, in effect, became a source of facts or evidence. It is not appropriate to judicially notice facts that are beyond the scope of the knowledge of the general public, but are known instead to the judge through his personal, extrajudicial, experience. Cohen, *Tennessee Law of Evidence*, § 201.3 at 35 (2d ed. 1990).

discretion."). Moreover, when a judge becomes a source of evidence, appellate courts are put in an awkward position in that the character of the evidence obtained through private inquiry or observation, as well as its probative value, is not shown in the record, making an evaluation of the information on appeal difficult, if not impossible.

Other than difficulties associated with appellate review, actions such as those taken by the trial judge in the present case create problems for the parties which can and should be avoided. Simply stated, by observing a party outside of the judicial proceedings, and then basing a decision on those observations, the judge becomes a *source* of evidence, in effect, a witness. Rule 605 of the Tennessee Rules of Evidence[3] clearly prohibits a judge presiding over a trial from serving as a witness, and for good reason. Perhaps the most obvious one is that the system of justice does not appear to be impartial if the judge charged with the duty of adjudicating the litigation also acts as a source of evidence. *See generally,* Cohen, *Tennessee Law of Evidence,* § 605.1 at 247 (2d ed. 1990). Additionally, when the trial judge becomes a source of information, the parties may not be willing to cross-examine vigorously the judge whose goodwill is perceived to be important to the outcome of the case. Worse yet, the parties may not even get the opportunity to cross-examine the judge to begin with. The present case is a prime example. It seems appropriate that when the trial judge becomes a source of information, and when a decision is ultimately influenced by that information, the parties should have the opportunity to cross-examine in order to impeach the source of the evidence or otherwise persuade an impartial trier of fact that the court's observa-

tions are, for whatever reason, inaccurate, just as they would any other witness.

Finally, at no point prior to or during the trial did the trial court advise either counsel that he had previously observed the Plaintiff on three occasions separate and apart from any judicial proceeding. The court's memorandum opinion constituted the first notice to the Defendant that the trier of fact had personal knowledge regarding the Plaintiff. The parties were denied the opportunity to cross-examine the judge or offer rebuttal proof to the judge's "testimony" that he had seen the Plaintiff on three prior occasions and that the Plaintiff "looks and walks a little better than death warmed over." Without the opportunity to cross-examine, the Defendant was unable to verify the judge's identification of the Plaintiff as the person he saw at the mall and in the parking lot. In essence, the trial court's personal knowledge regarding the Plaintiff's physical condition which, consequently, was a hotly contested issue, and its apparent influence on his decision, made him a witness for the Plaintiff in contravention of the principles alluded to above. Although the trial court was no doubt unaware of the impropriety of his actions, we reiterate that a judge may not formulate a decision based upon information obtained outside the course of the judicial proceedings before him, even though the judge may not have intended to learn of the facts pertinent to the case. In the instant case, the trial court's personal observations played a significant role in the exercise of judicial discretion in arriving at an award of benefits. In doing so, the court committed reversible error.

For the foregoing reasons, the judgment of the trial court is vacated in its entirety and the matter is remanded for a new trial with instructions that a different judge preside over the proceedings.[4] Costs of this

---

3. "The judge or chancellor presiding at the trial may not testify in that trial. No objection need be made in order to preserve the point." Rule 605, Tennessee Rules of Evidence.

4. Canon 3(C)(1) of the Code of Judicial Conduct, which has been adopted as Rule 10 of the Supreme Court Rules, provides that "[a] judge should disqualify himself in a proceeding in which his partiality might reasonably be ques-

tioned, including ... instances where: (a) [h]e has personal ... knowledge of disputed evidentiary facts concerning the proceedings."

We think it also necessary upon remand to direct the parties' attention to *Bond v. American Air Filter,* 692 S.W.2d 638, 641–42 (Tenn.1985), with respect to the questionable practice of awarding temporary total benefits up until the date of trial.

appeal shall be split evenly between the parties.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ.