**STATE of Tennessee, Appellee,**

v.

**Jerry Wayne MATHENY, Sr., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 12, 1994.

Certiorari Denied Aug. 29, 1994.

Permission to Appeal Denied Aug. 29, 1994.

Denty Cheatham, Nashville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Ellen H. Pollack, for the State, Victor S. Johnson, III, Dist. Atty. Gen., John Zimmermann, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

PEAY, Judge.

The defendant was charged in the indictment with one count of delivery of marijuana, one count of possession with intent to deliver marijuana, and one count of conspiracy to possess with intent to deliver marijuana. By plea bargain agreement, he pled guilty to one count of possession with intent to deliver and was sentenced to serve one (1) year in the workhouse, but after serving sixty (60) days, he was instructed to serve the remainder of the sentence in the Community Corrections Program. As a condition of the Community Corrections plan, he was ordered to secure independent employment and later instructed to sell his used car business.

In this appeal as of right, the defendant contends that the trial court abused its discretion in requiring him to liquidate his business as a condition of his participation in the Community Corrections Program. We agree and therefore eliminate the termination of his business as a condition of his Community Corrections plan.

The defendant entered a guilty plea to the offense of possession of marijuana on October 6, 1992. As part of the plea bargain agreement, he agreed with the State to serve a maximum sentence of one (1) year as a Range I offender, to pay a $2,000 fine, and to have a sentencing hearing.

Prior to the hearing, a presentence investigation was conducted, resulting in the recommendation that the defendant be placed in the Community Corrections Program. At the time the investigation was conducted, the defendant owned and operated a used car business.

A sentencing hearing was held on October 6, 1992, and at the conclusion of the hearing, the trial court ordered that the defendant be sentenced to serve one (1) year confinement, but after serving sixty (60) days "day for

day" that he be placed on Community Corrections for the remainder of the sentence. The trial court then made the following statement:

> I have not had any success at all in the rare instances where I've tried to allow somebody to be self-employed on either probation or Community Corrections. I will probably not be able to allow that in this case, or probably won't allow it. You will probably have to get an independent job, but you will be given notice of that fact, and given time to make that change.

Defense counsel then asked if the defendant could have some time to "wind up" his business before he began serving the sentence. This request was granted, but prior to the day the defendant was to begin the incarceration period, he filed a motion asking that the court clarify the conditions of his sentence. Defense counsel appeared before the court on January 15, 1993, attempting to have the court hear said motion. The court agreed to hear the motion at the end of the day's docket, but when time came for it to be heard, neither counsel was present. Defense counsel again attempted to have the motion heard on January 19, 1993, but again he was denied a hearing on this matter since it had not been set for a hearing.

On January 20, 1993, defendant's counsel filed an affidavit with the court, setting forth the details of his efforts to obtain clarification or correction of the conditions of the defendant's sentence. Attached as exhibits were the defendant's income tax return for 1991 and a statement from the defendant's bookkeeper concerning his 1992 income from the used car business.

On January 26, 1993, an order entitled "Order on Pending Motions" was filed by the trial court, essentially denying all relief requested by the defendant. Specifically the court stated that because the defendant, during the sentencing hearing, had volunteered to obtain other employment, it had never really reached the issue of whether the selling of the used car business was judicially mandated. The court then declared that it would not, at this point, accept the alteration that the defendant requested because of the fact that the defendant had remained free on

a stay of execution for the explicit purpose of selling the business. In further justification of its denial, the trial court found that the proof presented regarding the business fell short of establishing it as "an ongoing, upstanding and profitable enterprise," that the motor vehicles used in the commission of the crimes bore dealer tags, and that the court could take "judicial notice" of the "common utilization of used car businesses in conjunction with illegal drug enterprises." The defendant was then instructed not to operate his business while serving his sentence through the Community Corrections Program. The court also denied his alternate request that he be allowed to serve the full sentence without being placed in Community Corrections and his request for bond on appeal. This Court subsequently granted the defendant's motion to be admitted to bail pending the outcome of this appeal.

■ The defendant's argument that the condition placed upon him by the trial judge is unreasonable is founded on prior decisions dealing with probation and the probation statutes. He argues that the conditions of probation must be reasonably related to the purpose of his sentence and not unduly restrictive as required by T.C.A. § 40–35–303(d)(9) and as set out by our Supreme Court in *Stiller v. State,* 516 S.W.2d 617, 620 (Tenn.1974). He also cites *Stiller* for the proposition that although the trial court is vested with broad discretion to impose conditions of probation, the defendant is entitled to appellate review to seek relief or modification of such conditions. *Id.*

■ Placement in the Community Corrections program for service of all or part of a defendant's sentence is governed by the Tennessee Community Corrections Act of 1985, as amended. This act provides that the trial court is authorized to sentence an eligible defendant to Community Corrections in accordance with the terms of that chapter and under such additional terms and conditions as the court may prescribe. T.C.A. § 40–36–106(e)(1). We find nothing further in the statutes or in previous caselaw that expressly deals with guidelines in connection with the imposition of "additional terms and condi-

tions." For this reason we adopt a reasonableness test in order to determine if the trial court abused its discretion in imposing additional terms or conditions under the Community Corrections Act of 1985.

■ We find that the mandates of *Stiller* are appropriate and applicable in determining the reasonableness of "additional terms or conditions" as they relate to Community Corrections. That is, "the conditions imposed must be reasonable and realistic and must not be so stringent as to be harsh, oppressive or palpably unjust." *Stiller*, 516 S.W.2d at 620.

The defendant's brief, quite thoroughly and extensively, refutes the trial court's justifications for denying the defendant's request to lift the condition of his Community Corrections plan concerning the sale of his business. We acknowledge his contentions and find that they are wholly meritorious.

At the time of sentencing, the defendant had owned his used car business for almost two years. Both the defendant and his wife attested that the business was profitable enough to support their family. A statement from the defendant's bookkeeper reported that in 1992 the business had grossed $193,000.00 with an estimated profit of $35,000.00. William Noles, former Executive Director of the Motor Vehicle Commission for the State of Tennessee, testified at the sentencing hearing that there had never been any complaints about the defendant's manner of doing business or his dealership.

The record does not support the lower court's finding that "the motor vehicles used in the commission of the crimes which were the subject of the indictment in this cause were vehicles bearing 'dealer tags.'" Seven (7) vehicles were described in the State's version of the circumstances which led to the indictment of the seven (7) defendants in this cause, and only one (1) of these vehicles had dealer tags. Interestingly, this vehicle was not forfeited but rather returned to the dealership where the defendant was employed, indicative of the fact that the State found that dealership was not involved in the offense.

No evidence whatsoever was presented which suggested that the defendant's business, commenced after his arrest in this case, had any connection with any illegal activity. This Court cannot therefore find that the requirement of selling the business was a reasonable condition of his sentence as anticipated by T.C.A. § 40–36–106(e)(1).

■ Finally, we consider the trial court's use of "judiciously noticed" facts. Tenn. R.Evid. 201(b) states that "[a] judicially noticed fact must be one not subject to reasonable dispute, in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." We do not agree that the connection between used car businesses and illegal drug enterprises in this jurisdiction, or any other, is an adjudicative fact which meets these criteria. The trial court erred in making such a finding.

Recognizing that the trial court must have formed a personal opinion concerning used car dealerships from her own past experiences, we cannot approve the use of this type of "judicially noticed" fact. In *Vaughn v. Shelby Williams of Tennessee, Inc.*, 813 S.W.2d 132, 133 (Tenn.1991) our Supreme Court held the following:

There is ample authority for the proposition that a judge is not to use from the bench, under the guise of judicial knowledge, that which he [or she] knows only as an individual observer outside of judicial proceedings. 9 Wigmore, *Evidence* § 2569 at 723 (1981). Judicial knowledge upon which a decision may be based is not the personal knowledge of the judge, but the cognizance of certain facts the judge becomes aware of by virtue of the legal procedures in which he [or she] plays a neutral role. *State v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 188 (1968). No judge is at liberty to take into account personal knowledge which he [or she] possesses when deciding upon an issue submitted by the parties. *Laurance v. Laurance*, 198 Or. 630, 258 P.2d 784, 787 (1953). In other words, "[i]t matters not what is known to the judge personally if it is not known to

him [or her] in his [or her] official capacity." *Galbreath v. Nolan,* 58 Tenn.App. 260, 429 S.W.2d 447, 450 (1967).

In conclusion, we find that the defendant's ownership of his used car business enables him to support his wife and child. He has no history of significant, profitable employment in any other occupation, and his best hope for rehabilitation would be the right to maintain his legitimate business. We, therefore, modify this sentence by eliminating the condition that he sell his used car business. The sentence is affirmed as modified.

BIRCH and TIPTON, JJ., concur.