# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 8, 2000 Session

## STATE OF TENNESSEE v. JOHN JOSEPH VENGRIN

**Direct Appeal from the Criminal Court for Madison County**
**No. 98-715     Robert A. Page, Judge**

---

### No. W1999-01512-CCA-R3-CD - Filed October 25, 2000

---

The defendant, John Joseph Vengrin, appeals the maximum, 25-year sentence imposed upon him for the crime of second degree murder. He alleges that the trial court erroneously relied on testimony given in another matter in considering whether certain enhancement factors applied. We agree that the trial court erred in relying on matters outside the record; however, we hold that the defendant waived any objection by advocating that the court consider matters outside the record in assessing mitigating factors. Moreover, we hold that the sentence imposed was a proper one. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

George Morton Googe, District Public Defender, Tony A. Childress, Assistant Public Defender (on appeal), J. Mike Mosier, Jackson, Tennessee (at trial), for the Appellant, John Joseph Vengrin.

Paul G. Summers, Attorney General & Reporter, J. Ross Dyer, Assistant Attorney General, Clayburn L. Peeples, District Attorney General *pro tem*, Harold E. Dorsey, Assistant District Attorney General *pro tem*, for the Appellee, State of Tennessee.

### OPINION

The defendant, John Joseph Vengrin, appeals from the sentence imposed upon him for the crime of second degree murder. Vengrin was charged with first degree murder, and the state sought the death penalty. Vengrin agreed to plead guilty to the crime of second degree murder with the matter of sentencing to be determined by the trial court. At the sentencing hearing, the trial court imposed the maximum sentence for a Range I offender of 25 years. The trial court based its sentencing findings in part upon evidence presented in Vengrin's accomplice's trial. On appeal, Vengrin alleges that the trial court erred in this respect. We agree; however, the defendant is not entitled to relief because he failed to object and, in fact, encouraged the trial court's reliance on

evidence from the accomplice's trial. Furthermore, the sentence imposed is proper. Accordingly, we affirm the judgment of the trial court .

At the plea submission hearing, the district attorney recited the following facts:

> On May 9, 1998 the Madison County Sheriff's Department conducted an investigation into the finding of a body, male, white, located on a field or road off highway 52 near Spring Creek community. In the course of the follow up investigation the body was identified as Christopher Gary Bolin.[1] The investigation further revealed that Christopher Gary Bolin was violently attacked and beaten at a location on Perry Switch Road in Madison County, Tennessee. His body was later transported by suspects to a location off highway 52.

> The investigation further revealed that John Joseph Vengrin did commit the murder of Mr. Bolin.

The defendant acknowledged that these facts were substantially correct. Further, the presentence report reveals that the accomplice gave a statement in which he admitted that he and his accomplice bludgeoned the victim with a table leg.

At the sentencing hearing, neither the state nor the defendant offered any evidence beyond the presentence report, which was received by stipulation. The state argued that the existence of enhancement factors (4) and (5), that the victim was particularly vulnerable and that the victim was treated with exceptional cruelty, were demonstrated by testimony in the accomplice's separate trial. The defense did not object, and in fact, it argued that evidence from the accomplice's trial demonstrated the existence of mitigating factors (4), (9) and (12), that the defendant played a minor role in the commission of the offense, that the defendant assisted the authorities, and that the defendant acted under duress or domination of another. No transcript of the accomplice's trial was offered as an exhibit at the defendant's sentencing hearing. The defense also argued that information in the presentence report demonstrated a basis for mitigation based upon remorse and the potential for rehabilitation.

The trial court enhanced the defendant's sentence based upon his prior criminal record, the particular vulnerability of the victim, and the exceptional cruelty shown the victim. It based the findings of the latter two factors on the evidence presented in the accomplice's trial. The court declined to mitigate the defendant's sentence based upon the defendant being relatively less culpable for the crime, interpreting the evidence from the accomplice's trial differently than as advocated by the defense. However, the court did mitigate the defendant's sentence based upon the defendant having contacted the authorities about the crime and having agreed to testify truthfully against his accomplice. Evidence of these facts is not contained in the record. The court also found mitigation in the defendant's remorse and his potential for rehabilitation as evidenced by information

---

[1] The charging instruments identify the victim as Christopher Garry Bolin.

in the presence report. Ultimately, the court found "that the enhancing factors greatly outweigh any mitigating factors." Therefore, the court imposed a maximum, 25-year sentence.

The defendant's sole allegation on appeal is that the trial court erred by relying on evidence from the accomplice's trial in making its sentencing determination.

A resolution of this issue requires analysis of the parameters of judicial notice. Pursuant to Tennessee Rule of Evidence 201, judicial notice of adjudicative facts may be taken whether requested or not at any stage of the proceeding. Tenn. R. Evid. 201(a), (c), (f). "A judicially noticed fact must be one not subject to reasonable dispute, in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tenn. R. Evid. 201(b). A party may, upon timely request, be heard on the issue of the propriety of judicial notice and the tenor of the matter to be noticed. Tenn. R. Evid. 201(e). If there was no prior notification, the party may request an opportunity to be heard after notice has been taken. Id.

This court has approved the use of judicial notice in sentencing determinations, notwithstanding Code section 40-35-210(g)'s requirement that the evidence relied upon by the trial court in a sentencing determination must be "in the record of the trial." State v. Nunley, 22 S.W.3d 282, 286-88 (Tenn. Crim. App. 1999), perm. app. denied (Tenn. 2000). However, we have held that a trial court errs by basing its sentencing determination on judicial notice of evidence presented in a separate proceeding. See State v. Dmitri Johnson, No. 01C01-9510-CC-00334, slip op. at 7 (Tenn. Crim. App., Nashville, Dec. 1, 1997) (trial court erred by basing sentencing determination in part upon *evidence* presented in another case which did not appear in record of case before the court); State v. Preston Bernard Crowder, No. 01C01-9304-CR-00143, slip op. at 7-8 (Tenn. Crim. App., Nashville, Mar. 14, 1995) (trial court cannot take judicial notice of *facts* underlying guilty plea *in defendant's son's case*, which was not part of record before the court), perm. app. denied (Tenn. 1995); State v. Raines, 882 S.W.2d 376, 384-85 (Tenn. Crim. App. 1994) (trial court improperly relied upon its own recollection of homicide victim's slight stature to enhance sentence based upon particular vulnerability of victim); cf. Vaughn v. Shelby-Williams, 813 S.W.2d 132 (Tenn. 1991) (trial court erred by basing worker's compensation plaintiff's vocational disability determination on court's personal, out-of-court observations of plaintiff); State v. Jackie Crowe, No. 03C01-9606-CC-00225, slip op. at 5-6 (Tenn. Crim. App., Knoxville, July 29, 1997) (trial court erred in basing probation revocation on court's recollection *of evidence* presented in another criminal prosecution of defendant, which ended in mistrial). The rationale underlying such a rule is that by taking notice of matters *which are not of record*, the court in effect becomes a witness to the proceeding. See Vaughn, 813 S.W.2d at 134; Jackie Crowe, slip op. at 5-6. A further concern is that judicial notice of such facts prevents the *de novo* review employed by this court in review of sentencing matters. Dmitri Johnson, slip op. at 8-9; Raines, 882 S.W.2d at 385.

We are aware that a panel of this court recently approved of a trial court taking notice that the facts in a separate case against the same defendant were almost identical to the facts underlying the case then before the court, in support of the court's finding of a lack of diminished

capacity that would support the defendant's *ex parte* request for a state-funded psychological expert. State v. Terry Eugene Ballard, No. M1998-00201-CCA-R3-CD, slip op. at 5-7 (Tenn. Crim. App., Nashville, Sept. 22, 2000). Although the ruling was predicated upon Nunley, we hold that Terry Eugene Ballard is distinguishable from the case at bar. Even though the Terry Eugene Ballard court approved of judicial notice of "facts" from Ballard's previous case, it is unclear whether those facts were gleaned from testimony that is not memorialized in a transcript, or whether they were set forth in the indictment, plea-bargaining stipulation, presentence report or some other documentary source. Certainly, the facts noticed from Ballard's previous case were of a general nature, and moreover, the authorities this court cited in Terry Eugene Ballard support the judicial notice of *records* of prior judicial proceedings in the same court. Id., slip op. at 7. In passing, we also note that the proceeding noticed in Terry Eugene Ballard was a separate proceeding against the *same* defendant. In the present case, the lower court noticed facts presented by witnesses in a prior proceeding to which Vengrin was not a party. All in all, we fail to see that Terry Eugene Ballard supports the state's claim in the present case that the trial court properly took judicial notice.

In the present case, the facts judicially noticed were:

(1) The victim's blood alcohol content was .24 (particularly vulnerable enhancement factor).

(2) The defendants beat the victim and left him to die. Someone went back to check on the victim, and might have been able to save him but did not do so. The victim suffered eleven potentially fatal blows, as well as numerous superficial blows (exceptional cruelty enhancement factor).

(3) The defendant did not play a minor role in the commission of the offense (less culpable role mitigating factor).

(4) The defendant contacted the authorities about the crime (miscellaneous mitigating factor).

(5) The defendant agreed to testify truthfully against his accomplice (miscellaneous mitigating factor).

None of the facts noticed by the court fits within the framework for judicial notice of fact. None of these facts are "generally known within the territorial jurisdiction of the trial court." See Tenn. R. Evid. 201(b). None of the facts are "capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." See id. As such, the trial court erred in taking judicial notice of them.

That said, however, the defendant is not entitled to relief. Rule 201 provided the defendant with the occasion to object to "the propriety of judicial notice and the tenor of the matter noticed," and the defendant did not avail himself of that opportunity. See Tenn. R. Evid. 201(e). Furthermore, the defendant did more than fail to object – he advocated the very action of which he now complains. This court has said that when a defendant does not object to a trial court taking judicial notice of testimony from a prior proceeding and instead advocates that the court consider the testimony on matters favorable to the defense, the defendant may not complain on appeal of the practice. See Jackie Crowe, slip op. at 7; see Tenn. R. App. P. 36(a) (appellate court not required

to grant relief "to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error"); State v. Tune, 872 S.W.2d 922, 930 (Tenn. Crim. App. 1993) ("A party cannot witness misconduct on the part of the court, await the result of the verdict, and then, if it is against him or her, object to the alleged misconduct."). But see Dmitri Johnson, slip op. at 8-9 (defendant granted new sentencing hearing based upon trial court's improper consideration of evidence at co-defendant's trial in determining enhancement factors, even though defendant advocated use of evidence from co-defendant's trial in support of mitigating factors). Any complaint about the trial court's consideration of facts outside the record is waived.

In any event, we cannot say that, even if the defendant had not waived consideration of this issue, we would have found error in the sentence imposed by the trial court upon a *de novo* review.

There is evidence *of record* which supports two of the three enhancement factors found by the trial court and three of the four mitigating factors found. The enhancement factors which are supported by the record are the defendant's prior history of criminal convictions or behavior[2] and that the defendant treated or allowed the victim to be treated with exceptional cruelty.[3] The mitigating factors are that the defendant expressed remorse and had potential for rehabilitation.[4] The enhancement factors are entitled to great weight based upon the facts of record, and the mitigating factors deserve no more than slight weight by comparison.

The defendant's crime is a Class A felony, and his Range I classification mandates a sentence of fifteen to 25 years. See Tenn. Code Ann. § 39-13-210(b) (1997) (Class A felony); Tenn. Code Ann. § 40-35-112(a)(1) (1997) (range of 15 to twenty-five years). For Class A felony sentencing where there are both enhancement and mitigating factors, the sentencing determination begins at the midpoint within the range, and the sentence is enhanced as appropriate for the enhancement factors and then reduced as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e) (Supp. 1999). That exercise reveals that the sentence imposed by the trial court was correct, notwithstanding its error of judicial notice. Where the enhancement factors are entitled to great weight and the mitigating factors only slight weight, the weight of the enhancement factors may "be sufficient, not only to elevate the sentence to the maximum ceiling, but also to firmly embed the sentence in the ceiling" despite the presence of mitigating factors. See State v. Samuel D. Braden, No. 01C01-9610-CC-00457, slip op. at 14 (Tenn. Crim. App., Nashville, Feb. 18, 1998); see also

---

[2]Tenn. Code Ann. § 40-35-114(1) (1997). The defendant has several prior convictions, including two second degree burglary convictions from Illinois.

[3]Tenn. Code Ann. § 40-35-114(5) (1997). In a violent attack, the defendant bludgeoned the victim with a table leg and then abandoned the victim's body along the road.

[4]Tenn. Code Ann. § 40-35-113(13) (1997). The defendant gave a statement to the author of the presentence report in which he expressed his remorse to the victim's family and his desire to improve himself and others through his current situation.

State v. Pike, 978 S.W.2d 904, 928 (Tenn. 1998) (appendix). Were the sentencing issue properly before us, we would find no error.

The judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE