IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 15, 2004 Session

## STATE OF TENNESSEE v. JOSHUA WILLIAM ALGOOD

**Appeal from the Criminal Court for Sumner County**
**No. 195-2003 Jane Wheatcraft, Judge**

---

**No. M2004-00535-CCA-R3-CD - Filed April 8, 2005**

---

The defendant, Joshua William Algood, entered a <u>nolo</u> <u>contendere</u> plea to aggravated burglary and theft over one thousand dollars ($1,000). The trial court sentenced the defendant to serve 150 days in the county jail with the remainder of a three-year effective sentence to be served on community corrections. As special conditions of the defendant's probation, the trial court ordered the defendant to have no contact with the victims, pay restitution of two thousand five hundred dollars ($2,500), obtain a GED, submit a DNA sample, maintain full-time employment once out of jail and establish paternity of his minor child and begin paying child support to the child's mother. The defendant appeals arguing that the trial court erred in imposing the special conditions requiring he establish paternity of his minor child and pay child support. We agree with the defendant and reverse and remand the case to the trial court for proceedings pursuant to this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and
Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

William Bart Highers, Gallatin, Tennessee, for the appellant, Joshua William Algood.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General, and C. Ronald Blanton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On December 5, 2003, the defendant pleaded nolo contendere to one count of aggravated burglary with a recommended sentence of three (3) years at thirty percent (30%) and one count of theft over one thousand dollars ($1,000) with a recommended sentence of two (2) years at thirty percent (30%) to run concurrently. In a sentencing hearing held on January 22, 2004, the trial court accepted the recommended sentence and sentenced the defendant to serve 150 days in the county jail with the remainder to be served on community corrections. As special conditions of the defendant's probation, the trial court ordered the defendant to have no contact with the victims, pay restitution of two thousand five hundred dollars ($2,500), obtain a GED, submit a DNA sample and maintain full-time employment once out of jail. The trial court also ordered the defendant to establish parentage of his minor child and begin paying child support to the child's mother. The trial court entered the judgments on January 22, 2004. The defendant filed a notice of appeal on February 20, 2004.

**ANALYSIS**

The defendant argues one issue in his appeal: whether the trial court erred in requiring him to establish paternity of a child and to begin paying child support as a condition of his community corrections sentence. "When reviewing sentencing issues . . ., the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

In regards to alternative sentencing Tennessee Code Annotated section 40-35-102(5) provides as follows:

In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing

criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40- 35-102(6). Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less is an offender for whom incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a). The defendant was convicted of aggravated burglary, which is a Class C felony and theft over one thousand dollars ($1,000), which is a Class D felony. Therefore, he is presumed to be a favorable candidate for alternative sentencing.

In State v. Matheny, 884 S.W.2d 480, 482 (Tenn. Crim. App. 1994), this Court explained that the Community Corrections Act of 1985 provided no guidelines for the imposition of "additional terms and conditions" in Tennessee Code Annotated section 40-36-106(e)(1). In the absence of such statutory guidelines, this court adopted a "reasonableness test" to determine whether a trial court abused its discretion in imposing additional terms or conditions under the Act. Matheny, 884 S.W.2d 482-483. The conditions "'must be reasonable and realistic and must not be so stringent as to be hard, oppressive or palpably unjust.'" Id. at 483 (quoting Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974)).

The defendant argues that the trial court erred in imposing a special condition requiring that he legitimate his child and begin child support payments. The defendant cites State v. Mathes, 114 S.W.3d 915 (Tenn. 2001), in support of his argument. In Mathes, a mother was ordered to legitimate one of her two children as a condition of probation. Our supreme court stated:

> We disagree with the trial court that Ms. Mathes has an "obligation" to legitimate her children and that her failure to do so shows she is not meeting family responsibilities. While child support obligations are mandatory and a parent may be criminally prosecuted for failure to support, Tennessee law does not impose an obligation on the mother of an illegitimate child to take steps to legitimate that child. Thus, we conclude that the condition that Ms. Mathes legitimate her daughter does not fit under the enumerated condition in section 40-35-303(d)(1), to "[m]eet the offender's family responsibilities."
>
> Furthermore, we do not find that this condition is proper under the "catch-all" provision, subsection (9) of Tennessee Code Annotated section 40-35-303(d), which provides that a court may specify a condition of probation that is "reasonably related to the purpose of the offender's sentence and not unduly restrictive of the offender's

liberty, or incompatible with the offender's freedom of conscience, or otherwise prohibited by this chapter." The requirement that Ms. Mathes legitimate her daughter is not reasonably related to the purpose of her sentence. Whether the children of Ms. Mathes are legitimated or not simply has no relationship to her offense.

Mathes, 114 S.W.3d at 918.

We find that this situation is analogous to Mathes. We see no difference between a defendant being a mother or a father. Further, as in Mathes, the legitimation of the defendant's alleged minor child is not reasonably related to his sentence. Whether he is indeed the father of the child in question and paying child support is in no way related to his convictions of aggravated burglary and theft over one thousand dollars ($1,000).

The State argues in this Court that the defendant raised the issue in his sentencing hearing and, therefore, invited the trial court to impose this condition. We disagree with the State. Even if a defendant raises an issue that could be considered a special condition, it does not lead to the conclusion that the issue is indeed proper as a special condition.

Also, we are unable to determine from the record before us whether the defendant is actually able to complete this condition. According to his testimony, the mother of the child has refused money he has tried to send her, and has told the defendant that she does not want him in her or her child's lives. It is possible that the mother would refuse to complete the steps necessary to determine the child's paternity and that would place a condition on the defendant's community corrections sentence that is out of his control.

## CONCLUSION

Based upon Mathes and the foregoing reasons, we conclude that the trial court's imposition of the legitimation and the child support as special conditions was an abuse of discretion. Therefore, we reverse and remand this case to the trial court for further proceedings in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE